182 So.2d 279 (1966)
Ruth L. BERGER, Appellant,
v.
Robert L. BERGER, Appellee.
No. 39.
District Court of Appeal of Florida. Fourth District.
January 19, 1966.
Rehearing Denied February 14, 1966.
Cody Fowler, Tampa, and H.T. Maloney, of Patterson & Maloney, Ft. Lauderdale, for appellant.
Leonard Romanik, of Landefeld & Romanik, Hollywood, for appellee.
WALDEN, Judge.
The wife appeals from a final decree entered in a divorce suit. The chancellor granted the husband a divorce and custody of the children, decided certain personal property rights, and awarded the wife counsel fees. The court dealt with the home premises owned as an estate by the entireties with the following recitation:
"ORDERED, ADJUDGED AND DECREED that the Defendant Counter-Plaintiff, ROBERT L. BERGER, is hereby awarded the right of possession and occupancy of the home * * * and of the furniture, furnishings and chattels therein contained. The Plaintiff Counter-Defendant shall, within five days from the date of the entry hereof * * * surrender possession of said property to the Defendant Counter-Plaintiff. The parties hereto be and they are hereby declared to be tenants-in-common of the said real estate * * *."
The wife challenges the sufficiency of the evidence to support the custody and personal property decisions. We have reviewed the record and find abundant *280 competent evidence to support these facets of the decree. The record is lengthy and of such nature as to make it undesirable to reconstruct the case here in print. The rule by which we are bound in such matters is well known and was lately uttered in Turner v. Noto, Fla.App. 1963, 151 So.2d 303, as follows:
"It is a well settled rule that where evidence is heard by the chancellor, and the witnesses are before him, his findings based upon conflicting evidence should not be disturbed by an appellate court if the record contains substantial evidence to sustain the decree. DiMarco v. King, Fla.App. 1962, 139 So.2d 750; Cowen v. Cowen, Fla. 1957, 95 So.2d 584; Thompson v. Field, Fla. 1951, 54 So.2d 520."
We fail to find any error and thus approve these adjudications.
We take up now the court's action in awarding the use of the home property and contents to the husband, this being also questioned by the wife. It is clear that the court may award the use and possession of a home owned as a tenancy by the entirety, whether homestead or not, to a wife as an incident to the court's power to award child support or alimony. In such cases it is simply a charge upon the home of the husband's obligation to support his wife and minor children. See Pollack v. Pollack, 1947, 159 Fla. 224, 31 So.2d 253; McRae v. McRae, Fla. 1951, 52 So.2d 908; Banks v. Banks, Fla. 1957, 98 So.2d 337; Brown v. Brown, Fla.App. 1960, 123 So.2d 298. See also 14 U.Fla.L.Rev. 128 (1961) and 8 F.L.P. Divorce and Alimony § 60. Here the husband is a successful medical doctor actively engaged in the practice of his profession and it is not even suggested that the whole obligation of child support does not belong to him. His counter-claim prayer does not ask for the use of the home property or make any mention of it. With this posture we see that the chancellor has decreed that the wife is entitled to an undivided one-half interest in the home premises and contents as a tenant in common and then, despite the fact that she has no obligation to support the children under the circumstances of the case, charged her interest with a child support obligation. Because of this we believe that the award to the husband of such use constitutes error and should be eliminated from the decree leaving the parties simply as tenants in common under F.S.A. § 689.15.
Affirmed in part and reversed in part.
SMITH, C.J., and ANDREWS, J., concur.