310 So.2d 28 (1975)
Florence K. SAVITEER, Appellant,
v.
Dolores McADOO, Executrix of the Estate of Raymond H. Saviteer, Deceased, Appellee.
No. 74-906.
District Court of Appeal of Florida, Second District.
April 2, 1975.
*29 Steven L. Sommerfield, Hazen & Isphording, Venice, for appellant.
Robert J. DeBoer, Williams & DeBoer, Venice, for appellee.
McNULTY, Chief Judge.
Appellant-wife appeals from an order of dissolution of marriage raising five grounds. Of these we need only discuss two.
The first concerns the marital home, a condominium owned by the entireties. The final judgment awarded the husband "exclusive use and possession" of the aforesaid condominium "until his death, remarriage, or until he moves, or until the property is sold, whichever is sooner." We need not decide, at this juncture, just what sort of an estate, if any, was given to the husband by this award since the husband has died pending this appeal and his executrix has been substituted in his stead. But we think we ought to comment thereon for future guidance.
The granting of exclusive possession of entireties property to one of the parties in a final judgment of dissolution is, we think, anathema unless it either takes the form of a lump sum alimony award or is so awarded to a wife and mother of minor children of whom she has custody so as to enforce the husband-father's obligation to support and maintain the children. Neither was the case here. Likewise, if it were intended by the final judgment herein that the husband be given a life estate, which both parties seem to think but with which we disagree, it is equally ineffective. We are aware of no rule of law which would authorize the granting of a life estate under the circumstances here absent a finding of special equity. No such finding was made.
In any case, whatever interest was awarded husband, we think it propitious to say here, and we so hold, that the final judgment did not change the statutory legal effect of the judgment of dissolution on the aforesaid entireties property.[1] That is to say, upon the judgment of dissolution the parties owned the same as tenants in common.
Concerning, now, appellant's only reversible point, she contests the finding of a special equity in favor of the husband to the extent of $1,250 in a certain barbershop, a one-half interest of which she purchased and in which she is presently employed as a barber. The only evidence of such special equity is that the wife took $2,500 out of a joint savings account, which had a balance of at least twice that amount at the time, for the downpayment of the shop. It has long been the law in this state that when monies are placed by the husband in a husband-wife joint account a presumption arises of a gift from the husband to the wife, at least to the extent of half the account. There is no evidence in this record in rebuttal of this presumption sufficient, we think, to contravene it at all; but, in any event, there is certainly none sufficient to rebut it to the extent of affirmatively establishing a special equity therein clearly and conclusively as required by our holding in Abbott v. Abbott.[2] Appellant is correct on this point.
*30 Accordingly, the judgment appealed from should be, and it is hereby, reversed and the cause is remanded for the entry of such further orders as may be necessary consistent herewith.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] § 689.15, F.S.
[2] (Fla.App.2d, 1974), 297 So.2d 608.