311 So.2d 370 (1975)
Marshall T. RANES, Appellant,
v.
Beatrice O. RANES, Appellee.
No. 74-736.
District Court of Appeal of Florida, Second District.
April 9, 1975.
Robert P. Rosin, Rosin, Abel, Band & Rosin, Sarasota, for appellant.
Gerald B. Keane, Wilson, Wilson & O'Connell, Sarasota, for appellee.
HOBSON, Judge.
Appellant appeals a final judgment of dissolution of marriage asserting five points on appeal, only one of which we find to have merit.
The husband in his petition for dissolution of marriage alleged that the parties owned two parcels of real property as tenants by the entirety. One parcel was the marital home of the parties and the other parcel was the business property where the husband conducted his business. In the final judgment the trial court gave the exclusive possession of the marital home to the wife as long as she used it for her personal residence. It also gave the exclusive possession of the business property to the husband as long as he used it for his business.
The exclusive possession did not take the form of lump sum alimony nor was it derived from a finding of special equity. There are no minor children of the parties whereby the exclusive possession could be deemed as the father's obligation to support a minor child or children.
The parties became tenants in common upon the entry of the final judgment of dissolution of marriage. Fla. Stat. § 689.15. As a general rule tenants in common are entitled to partition as a matter of right. Condrey v. Condrey, Fla. 1957, 92 So.2d 423. There are exceptions to the rule, which are not present in the instant case.
The husband in his petition for dissolution of marriage pled a right to partition in accordance with Florida Statutes, Chapter 64, and prayed for a partition of the real property or a partition sale if the property was determined to be incapable of partition.
*371 In the case of Saviteer v. McAdoo, Fla. App.2d 1974, 310 So.2d 28 at p. 29 opinion filed April 2, 1975, this court held:
"The granting of exclusive possession of entireties property to one of the parties in a final judgment of dissolution is, we think anathema unless it either takes the form of a lump sum alimony award or is so awarded to a wife and mother of minor children of whom she has custody so as to enforce the husband-father's obligation to support and maintain the children. Neither was the case here. Likewise, if it were intended by the final judgment herein that the husband be given a life estate, which both parties seem to think but with which we disagree, it is equally ineffective. We are aware of no rule of law which would authorize the granting of a life estate under the circumstances here absent a finding of special equity. No such finding was made.
"In any case, whatever interest was awarded husband, we think it propitious to say here, and we so hold, that the final judgment did not change the statutory legal effect of the judgment of dissolution on the aforesaid entireties property.[1] That is to say, upon the judgment of dissolution the parties owned the same as tenants in common."
[1.] § 689.15, F.S.
The parties having become tenants in common upon the dissolution of marriage and the husband having properly pled and prayed for partition, the lower court erred in not granting the husband's request for partition. This cause is remanded with directions to the trial court to follow the requirements of Chapter 64, Florida Statutes.
Affirmed in part and reversed in part with directions.
McNULTY, C.J., and BOARDMAN, J., concur.