324 So.2d 126 (1975)
Freeman Curtis WATSON, Appellant,
v.
Barbara L. WATSON, Appellee.
No. 75-331.
District Court of Appeal of Florida, Third District.
December 16, 1975.
Rehearing Denied January 20, 1976.
*127 Alden Sanford Tarte, Miami, for appellant.
Stephen F. Bazzano, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
NATHAN, Judge.
Respondent, Freeman Curtis Watson, appeals from the financial provisions of a decree dissolving his marriage to Barbara Watson.
Among the points raised on appeal, he contends that the trial court erred in granting exclusive possession and use of the marital home decreed by the court to be held as tenants in common, to the wife until any sale or other disposition of the home by the parties in that this award precludes the possibility of partition.
The parties became tenants in common upon the entry of the final judgment of dissolution of marriage. § 689.15, Fla. Stat. As a general rule, tenants in common are entitled to partition as a matter of right. Condrey v. Condrey, Fla. 1957, 92 So.2d 423; Ranes v. Ranes, Fla. App. 1975, 311 So.2d 370. There are exceptions to the general rule which as in the Ranes case, are not present in the instant case. In the case of Saviteer v. McAdoo, Fla.App. 1975, 310 So.2d 28, it is stated that the granting of exclusive possession of entireties property to one of the parties in a final judgment of dissolution is an anathema unless it either takes the form of a lump sum alimony award or is awarded to a wife and mother with minor children of whom she has custody so as to enforce the husband-father's obligation to support and maintain the children. In this case, as in Saviteer, there was no award of lump sum alimony, and there are no children involved. From the facts and the record in the instant case, we are of the opinion that the wife is entitled to exclusive possession of the marital home for no more than 90 days from the date this opinion is filed.
Appellant also challenges the award to the wife of one-half of a $9,000 joint savings account. The record shows that the total amount in the savings account was received by appellant as the result of a workmen's compensation claim following a work related back injury. It was also shown that the wife maintained her own savings separately in a different account. Although it is presumed that a gift resulted when the husband deposited $9,000 in a joint savings account, we find that there is sufficient evidence in the record of the husband's real intention to rebut the presumption. See Pollak v. Pollak, Fla.App. 1973, 282 So.2d 30. Therefore, that portion of the final judgment awarding one-half of the jointly held bank account to the wife is reversed.
As to the matters of rehabilitative alimony, attorneys fees and the award of shares of AT&T stock to the wife, the final judgment is affirmed.
Affirmed in part and reversed in part.