330 So.2d 802 (1976)
Eduardo COALLA, Appellant,
v.
Marilyn S. COALLA, Appellee.
No. 75-1109.
District Court of Appeal of Florida, Second District.
April 21, 1976.
Rehearing Denied May 19, 1976.
*803 Mark Hawes, Tampa, for appellant.
William M. Holland, Jr., Tampa, for appellee.
HOBSON, Judge.
The appellant husband appeals a final judgment of dissolution of marriage, attacking the permanent alimony awarded to appellee wife; the awarding to the wife the sole and exclusive use of the marital home owned by the entireties "so long as she may reside there, or until she remarries or dies"; and the awarding of child support to the two minor children "until they each respectively reach the ages of eighteen (18) years. Thereafter, said child support shall continue so long as the respective children continue in school or college, or until the 22nd birthday of each respective child."
We affirm the award of permanent alimony to the wife; however, the other two points raised must be reversed.
On the question of the award to the wife of the sole and exclusive use of the marital home held in the entireties so long as she resides there, or remarries or dies, we held in Saviteer v. McAdoo, Fla.App.2d 1975, 310 So.2d 28, at page 29:
"The granting of exclusive possession of entireties property to one of the parties in a final judgment of dissolution is, we think, anathema unless it either takes the form of a lump sum alimony award or is so awarded to a wife and mother of minor children of whom she has custody so as to enforce the husband-father's obligation to support and maintain the children. Neither was the case here. Likewise, if it were intended by the final judgment herein that the husband be given a life estate, which both parties seem to think but with which we disagree, it is equally ineffective. We are aware of no rule of law which would authorize the granting of a life estate under the circumstances here absent a finding of special equity. No such finding was made.
"In any case, whatever interest was awarded husband, we think it propitious to say here, and we so hold, that the final judgment did not change the statutory legal effect of the judgment of dissolution on the aforesaid entireties property.[1] That is to say, upon the judgment of dissolution the parties owned the same as tenants in common.
"[1.] 689.15, F.S."
On the question of the award of child support after the 18th birthday of the minor children, we held in Kowalski v. Kowalski, Fla.App.2d 1975, 315 So.2d 497, at page 498:
"... He raises only one meritorious point on appeal, that relating to an award of child support in the sum of $60.00 per week for his son John, who was then seventeen and one half years of age, `until the child reaches the age of twenty-one (21) or completes or discontinues his college education, whichever shall first occur.'
"While some of us may wonder why a father would expend the time, money and effort to complain to us because of an order compelling support of his son while the son attempts to secure a college education, we are nevertheless unaware of any authority in this state to enter such an order absent an agreement to that effect on the part of the father.[1]
"[1.] Cf. Perla v. Perla (Fla. 1952), 58 So.2d 689; White v. White (Fla.App.1st, 1974), 296 So.2d 619 and cases cited therein."
Accordingly, the judgment is hereby modified to the extent that the husband shall not be obligated for child support after the children become eighteen *804 years old, and the right of the wife to the exclusive use of the marital home shall exist only so long as at least one child under the age of eighteen years shall be living with her in such home. In all other respects the judgment is affirmed.
McNULTY, C.J., and GRIMES, J., concur.