338 So.2d 544 (1976)
James W. CHURCH, Appellant,
v.
Josephine CHURCH, Appellee.
Nos. 75-1514, 75-1701.
District Court of Appeal of Florida, Third District.
October 12, 1976.
*545 Joseph Teichman, Miami, for appellant.
Bolles, Goodwin, Ryskamp & Welcher and Jack E. Thompson, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
In these consolidated appeals petitioner, James Church, appeals those provisions of a final dissolution of marriage judgment awarding various benefits to his former wife, Josephine, and ordering him to send his adult children to college and a subsequent order directing that he pay $3,100 in attorneys' fees.
The marriage between Josephine and James was dissolved, and the judgment recited an agreement between the parties which provided that (1) all assets owned by the parties shall be evenly divided; (2) Josephine retain exclusive use and possession of the marital domicile until such time as their youngest child moves out or vacates the premises; (3) James pay $100 per week alimony; (4) James pay the children's college expenses and continue medical insurance coverage on them. Thereafter, upon Josephine's motion for attorneys' fees, an order was entered directing James to pay $3,100 of the $4,100 awarded to her attorneys. Subsequently, James filed a motion to correct the record and at a hearing the chancellor found that James had never consented to give Josephine exclusive use of the marital residence and ordered that the record be corrected to reflect this fact. These appeals from the final judgment and order on attorneys' fees followed.
We first concerned ourselves with the interlocutory appeal from the order directing that James pay $3,100 of the $4,100 in fees awarded to Josephine's attorneys. We find the order awarding attorneys' fees to be void in that although the chancellor and the parties at this dissolution hearing agreed that attorneys' fees would be allowed at a subsequent date, the final judgment failed to reserve jurisdiction with respect to this matter. Therefore, the chancellor lacked jurisdiction to enter a subsequent order awarding attorneys' fees. See Frumkes v. Frumkes, Fla.App. 1976, 328 So.2d 34.
As to the plenary appeal from the final judgment, James first contends that the chancellor erred in awarding Josephine exclusive occupancy and use of the marital residence. We find this point well taken.
All the children born of their marriage have attained the age of majority and in the absence of an agreement between the parties or of the finding of a special equity, it was error to award exclusive possession of the residence to Josephine. See Saviteer v. McAdoo, Fla.App. 1975, 310 So.2d 28. This provision of the judgment is reversed.
After a review of the remaining points on appeal, we conclude no reversible error has been made to appear. Thus, the final judgment is affirmed in all other respects.
Affirmed in part, reversed in part and remanded for further proceedings not inconsistent herewith.