345 So.2d 819 (1977)
Maxwell G. HAZELWOOD, Appellant,
v.
Judith Ann HAZELWOOD, Appellee.
No. 76-460.
District Court of Appeal of Florida, Fourth District.
April 29, 1977.
*820 F. Kendall Slinkman, III, of Farish & Farish, West Palm Beach, for appellant.
James Fox Miller, of Miller & Schwartz, P.A., Hollywood, for appellee.
LETTS, Judge.
This is an appeal from a final order of dissolution of marriage which adjudicated the question of alimony and possession of the marital home.
We reverse in part.
The case now before us is yet another example of a long term family marriage breakup involving a twenty-two year marriage, three children and a wife, now 44 years old, who, to all intents and purposes, has never pursued any occupation since the marriage, other than that of housewife and mother. The husband in this instance has a net, take home pay, of $2,000 per month, and the court has awarded the wife $1,000 per month in permanent periodic alimony.
We have very recently, and at great length, set forth our views on a marriage breakup such as this in McAllister v. McAllister, 4th DCA 1977, 345 So.2d 352. Opinion filed April 1, 1977, and there is no reason to repeat them here. Suffice it to say that we do not believe that the periodic award constitutes an abuse of discretion by the trier of the facts, although by contrast to McAllister, we would comment here that the award is generous; however, we must leave it undisturbed as "it is not the function of the appellate court to substitute its judgment for that of the trial court... . The test ... is whether the judgment of the trial court is supported by competent evidence." Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). We find such competent evidence in the record of this case.
We do not agree, however, with the trial court's decision relative to the family home. In the final judgment, the court granted the wife the exclusive possession of said marital home, (formerly held as a tenancy by the entirety) until her death, remarriage or her failure to continue it "as her primary place of residence." We believe this conclusion to be unsupported by competent evidence, and therefore, in error, even although the wife is directed to maintain the property and make all payments relative thereto (which will obviously be done out of the alimony award).
Only one of the three children is still a minor and she will attain her majority almost simultaneously with the issuance of this opinion. Moreover, the wife is able bodied, capable of employment and the husband has very little in the way of capital assets.
Based on the foregoing facts, we have researched the recent decisions and find them to be contrary to the lower court's ruling in the case now before us. In Watson v. Watson, 324 So.2d 126 (Fla. 3rd DCA 1975), the court reversed an award of exclusive possession, pointing out that that award did not take the form of lump sum alimony, nor was it awarded by reason of minor children to whom the husband would owe child support obligations. See also Coalla v. Coalla, 330 So.2d 802 (Fla. 2nd DCA 1976); Saviteer v. McAdoo, 310 So.2d 28 (Fla. 2nd DCA 1975); Ranes v. Ranes, 311 So.2d 370 (Fla. 2nd DCA 1975); Reisman v. Reisman, 314 So.2d 783 (Fla. 3rd DCA 1975). The award of permanent exclusive possession to the wife is therefore reversed and the court below is directed to enter an order terminating it within a reasonable time.
The facts of all of the above cited cases approximate to those of the case sub judice, except that in most of those, the husband's petition or counter partition, properly pled, and prayed, for a partition of the property which was not done in the case *821 now before us. This very court held, in Niemann v. Niemann, 294 So.2d 415 (Fla. 4th DCA 1974), that "to justify partition, one of the parties must plead a right thereto in accordance with Chapter 64, Fla. Stat. (1971)." In the light of the Niemann case and other authorities cited therein, we therefore further hold that the court below had no jurisdiction to provide for the sale of the family home upon the happening of the certain events already set forth in the foregoing recitation of facts.
Notwithstanding, we would agree under the authority of Saviteer v. McAdoo, supra., that:
In any case, whatever interest was awarded husband, we think it propitious to say here, and we so hold, that the final judgment did not change the statutory legal effect of the judgment of dissolution on the aforesaid entireties property [689.15 F.S.]. That is to say, upon the judgment of dissolution the parties owned the same as tenants in common.
There is no doubt that in the light of the failure of the parties to plead or pray for partition, we cannot now direct the lower court to so proceed; however, we perceive partition of property held as tenancies in common to be, with certain exceptions, a matter of right [Condrey v. Condrey, 92 So.2d 423 (Fla. 1957)], and we see no reason to prevent the parties from seeking such relief in a separate proceeding under Chapter 64, Fla. Stat. (1975). In so holding, we are not unaware of the line of cases to the effect that only the spouse rightfully in exclusive possession can bring the partition action. Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975). However, in the case now before us, the wife is not rightfully in exclusive permanent possession, and as a consequence the husband, as well as the wife, has standing to maintain such an action.
Turning now to the question of the direction of the final judgment requiring the husband to:
... pay to the Wife within sixty (60) days from entry of this Final Judgment of Dissolution Of Marriage, the sum of Eleven Thousand Two Hundred Ninety-Five ($11,295.00) Dollars, which sum represents one-half of the intangible assets previously owned jointly by the parties and taken into the custody and control of the Husband at the time of the separation of the parties.
we find no abuse in discretion as to this requirement, nor do we find the judge's later contempt ruling for failure to carry out the above, improper. The husband argues that the funds to pay the award have been spent (or misspent according to the wife) and that contempt proceedings are unavailable where the husband is unable, financially, to carry out the court's instruction. However, we note that the same final judgment of dissolution provided for the distribution and release to the husband of $9,781.48 held in escrow pending the outcome of this case. This latter sum was released to him by authority of the very same judgment that required him to pay the $11,295.00 so that there can be no question but that he had $9,781.48 available and that his failure to pay it over was a wilful disobedience of the court's command. The wife is free to take steps to be in a position to assert her claim to this $11,295.00, when, and if, the real property in question is partitioned, subject, however, to whatever other course of action the court below may want to pursue, in the exercise of its discretion, in this regard.
In all other respects, the final judgment of dissolution is affirmed.
MAGER, C.J., and ALDERMAN, J., concur.