353 So.2d 894 (1977)
James E. SEGAL, Appellant,
v.
Bernice SEGAL, Appellee.
No. 76-2170.
District Court of Appeal of Florida, Third District.
December 27, 1977.
Truett & Watkins and Joseph H. Ganz, Miami, for appellant.
Edward P. Swan and Charnelle H. Summers, Jr., Miami, for appellee.
*895 Before HENDRY, C.J., and HAVERFIELD, J., and DREW, E. HARRIS (Ret.), Associate Judge.
HAVERFIELD, Judge.
Respondent James Segal, appeals those provisions of a dissolution of marriage judgment awarding his former wife (1) exclusive possession of their marital residence, (2) permanent alimony of $275 per month and Blue Cross insurance at a cost of $25 per month, (3) one-half of the proceeds of the cash value of his life insurance, and (4) $1,000 for attorney's fees.
James first contends that the chancellor erred in awarding his former wife, Bernice, the exclusive possession of the marital residence and denying his prayer for partition and sale of the subject property. We find the point well taken.
The parties became tenants in common upon the entry of the final judgment. See Section 689.15, Florida Statutes (1975). As a general rule tenants in common are entitled to partition as a matter of right. Condrey v. Condrey, 92 So.2d 423 (Fla. 1957). However, one of the parties under the terms of a final dissolution of marriage judgment may be awarded exclusive possession of the marital residence (formerly held as tenants by the entireties) if the award takes the form of lump sum alimony or the possession is awarded to the party who has custody of the minor children so as to enforce the other party's obligation to support and maintain them; or there is a valid agreement with respect to exclusive possession between the parties; or there is a finding of a special equity. See Saviteer v. McAdoo, 310 So.2d 28 (Fla.2d DCA 1975); Watson v. Watson, 324 So.2d 126 (Fla.3d DCA 1975); Church v. Church, 338 So.2d 544 (Fla.3d DCA 1976).
In the instant case there are no minor children, there is no finding of a special equity, there is no agreement and the possession award did not take the form of lump sum alimony.
We next considered the argument that the provision requiring James to cash in his life insurance policies and awarding Bernice 1/2 the proceeds constitutes reversible error. We agree.
Again, there is no finding of a special equity on the part of Bernice to these policies. Further, such an award is inequitable because of James' advanced age and ill health and because, in all probability, he would be unable to obtain another life insurance policy. Last, this award had the effect of imposing a partial property settlement upon the parties. The trial court under the circumstances was without authority to effect such a settlement. See Friedman v. Friedman, 320 So.2d 414 (Fla.4th DCA 1975).
We also agree with James that the award of an attorney's fee was erroneous.
The well established law is that a chancellor may not make an award of attorney's fees without the introduction of expert testimony or evidence and it is undisputed that no evidence or testimony with regards to the issue of a reasonable attorney's fee was presented in this case. Ortiz v. Ortiz, 211 So.2d 243 (Fla.3d DCA 1968); Reek v. Reek, 303 So.2d 677 (Fla.4th DCA 1974); Lamar v. Lamar, 323 So.2d 43 (Fla.4th DCA 1975).
Finally, we reviewed James' contention that Bernice was not entitled to permanent alimony and that the chancellor committed error in requiring him to maintain Bernice's Blue Cross insurance policy and conclude there has been no abuse of discretion taking into consideration the age of the parties, their state of health, their monthly income and the duration of their marriage. See Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
Those provisions of the final judgment awarding Bernice Segal exclusive possession of the marital residence, $1,000 as a reasonable attorney's fee, and one-half of the proceeds of the cash value of James Segal's life insurance policies are hereby reversed. The cause is remanded to the trial court to enter an order granting James Segal's prayer for partition and sale of the marital residence and to conduct an evidentiary hearing on the matter of reasonable attorneys' fees. In all other respects the judgment is affirmed.
*896 Affirmed in part, reversed in part and remanded with directions.