357 So.2d 1035 (1978)
Harold Edward LANGE, Appellant,
v.
Billie Carola LANGE, Appellee.
No. 76-2681.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
Rehearing Denied May 23, 1978.
Jos. D. Farish, Jr., of Farish & Farish, West Palm Beach, for appellant.
Edna L. Caruso, of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellee.
ALDERMAN, Chief Judge.
In this divorce case the husband contends that the trial court abused its discretion by awarding alimony in excess of the wife's need and that the trial court also erred in awarding exclusive possession of the marital home to the wife. We affirm.
Briefly stated the facts are as follows:[1] At the time of final hearing the husband was 58 and the wife was 52. They had been married for 30 years and had two adult children. The husband is a dentist and has practiced his profession in West Palm Beach for 25 years. His net income for 1975 was $46,338 and he had a net worth of $155,000. The wife was not employed during the marriage and has no prospects of employment. She has been treated for mental problems. In the opinion of her psychiatrist her mental problems are permanent and it is doubtful that she would ever be employable. She has an emotional attachment to the marital home and believes that if she were forced to leave the home that she would crack up. The evidence as to her financial needs, if believed by the trial court, would justify the court's alimony award. Her assets include a $40,000 equity in the marital home and its furnishings, $1,000 in cash, $550 in a checking account, and a 1969 automobile. She has no outstanding liabilities.
The trial court ordered in part that:
The Petitioner shall have exclusive possession of the homeplace at 526 Oyster Road, North Palm Beach, Florida, for the use of herself only until she remarries. During said occupancy, the Petitioner shall be responsible for (1) all utilities and telephone service thereon, and (2) yard, maintenance and repairs thereon under $100.00; and the Respondent shall be responsible for any of the parties' mutually agreed upon expenses involving maintenance, repairs and improvements to the said premises which exceed $100.00 and *1036 which are necessary to maintain said premises in an acceptable standard and appearance for the general neighborhood in which the property is located. In this respect, any such amounts expended by the Respondent shall be credited towards his equity in the homeplace.
The Respondent shall pay to the Petitioner as alimony the sum of $950.00 per month, payable on December 1, 1976 and on the first day of each month thereafter until the Petitioner is remarried or deceased.
The Respondent shall be responsible for any necessary and reasonable medical, hospital and doctor bills incurred on behalf of the Petitioner, except for drug expenses which shall be the responsibility of the Petitioner.
* * * * * *
Any personalty or realty jointly owned by the parties shall hereafter be owned by them as tenants in common.
In determining whether a trial court has abused its discretion in awarding alimony, it is not the function of an appellate court to substitute its judgment for that of the trial court. The test is whether the judgment of the trial court is supported by competent evidence. Hazelwood v. Hazelwood, 345 So.2d 819 (Fla. 4th DCA 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). The total award in this case is generous, but we cannot say that the trial court abused its discretion since its decision is supported by competent evidence.
In addition the husband argues that the alimony award was improper as to form as well as to amount. He says that it should be rehabilitative rather than permanent. In the recent case of McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977), we set out the various criteria upon which an award of permanent alimony may be predicated. Several of these criteria are met in the present case. We find no abuse of discretion on the part of the trial court in awarding permanent rather than rehabilitative alimony.
The husband's final point on appeal is that the trial court erred in awarding exclusive possession of the jointly owned marital home to the wife. In two early cases the Supreme Court recognized that in a divorce proceeding the trial court could grant to the wife exclusive possession of the jointly owned marital home to meet the husband's obligation to support his wife and minor children. Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253 (1947); McRae v. McRae, 52 So.2d 908 (Fla. 1951). In a later case the court said that this is equally true where the duty of support runs to the wife alone. Banks v. Banks, 98 So.2d 337 (Fla. 1957). Thereafter we stated the general rule in Berger v. Berger, 182 So.2d 279 (Fla. 4th DCA 1966), as follows: "It is clear that the court may award the use and possession of a home owned as a tenancy by the entirety, whether homestead or not, to a wife as an incident to the court's power to award child support or alimony."
Recently, in Hazelwood v. Hazelwood, supra, we reversed that part of a divorce judgment that granted to the wife exclusive possession of a jointly marital home until her death, remarriage or her failure to use it as her primary place of residence. But that case is distinguishable from the present case because in Hazelwood the wife was able-bodied, capable of employment and the husband had very little in the way of capital assets. Here the wife is mentally ill and able to function from day to day only with the drugs that she is taking. Without them, according to her doctor, she would be in a mental institution. Also she has a strong emotional attachment to the homeplace where she has spent the last 17 years and where she feels secure. There is a danger if she were forced to leave the home that she would crack up.
We conclude that in divorce proceeding where there has been a demonstrated need, the trial court may grant exclusive possession of the jointly owned marital home to one spouse as a form of alimony. Applying this conclusion of law to the facts of this case we find that there are special circumstances and a demonstrated need on the part of the wife which justify the trial court's decision in this case.
*1037 Having found no abuse of discretion on the part of the trial court, we affirm the final judgment.
DAUKSCH, J., concurs.
CROSS, J., dissents, with opinion.
CROSS, Judge, dissenting:
I respectfully dissent.
The majority seeks to create today a new form of alimony heretofore unrecognized by the courts of this state. It is established law in Florida that exclusive possession of the jointly owned marital domicile may be awarded to the wife in a dissolution of marriage proceeding only in special, carefully-defined circumstances. These circumstances include a situation where minor children are present, Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977); Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975); Berger v. Berger, 182 So.2d 279 (Fla. 4th DCA 1966), when possession accompanies the award of the husband's interest in the home as part of lump sum alimony, Saviteer v. McAdoo, 310 So.2d 28 (Fla. 2d DCA 1975); Coalla v. Coalla, 330 So.2d 802 (Fla. 2d DCA 1976), or where special equities exist in favor of the wife which support her exclusive use and possession, Ranes v. Ranes, 311 So.2d 370 (Fla. 2d DCA 1976). The temporary nature of the wife's possession of the husband's undivided interest in the home belies any attempt to characterize the award of exclusive possession as permanent or lump sum alimony. Rehabilitative alimony is clearly not proper, since the record affirmatively shows that the wife will never be capable of self-support. West v. West, 345 So.2d 756 (Fla. 4th DCA 1977). The award of exclusive possession of the marital home to the wife in the instant case clearly has no basis in the jurisprudence of this state, and therefore is clearly improper. Hazelwood v. Hazelwood, 345 So.2d 819 (Fla. 4th DCA 1977); Church v. Church, 338 So.2d 544 (Fla. 3d DCA 1976).
The majority has also seen fit to expand the concept of the wife's "need" for alimony far beyond all permissible limits of judicial construction. By affirming the award to the wife of exclusive possession of the jointly owned marital home based only on the wife's emotional attachment thereto, the majority has opened a Pandora's Box for claims based on subjective determinations which the courts of this state are ill-prepared to handle in dissolution proceedings. The very heart of an alimony award is and always has been the need of the demanding spouse for support. Collins v. Collins, 323 So.2d 583 (Fla. 3d DCA 1975); Thigpen v. Thigpen, 277 So.2d 583 (Fla. 1st DCA 1973). The purpose of alimony is to provide nourishment, sustenance and the necessities of life to the former spouse. Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976). Emotional attachment is not, nor should it ever be the sole basis for the award of either title or use to property in a dissolution proceeding.
The record shows that during the period of separation prior to the dissolution of the marriage, the appellee received temporary alimony in the amount of $700 per month. The evidence establishes that this amount was more than sufficient to satisfy appellee's needs. The trial court awarded and the majority has affirmed an award of permanent alimony in the amount of $950 per month in addition to several miscellaneous items of support. When exclusive possession of the marital home is added to the already generous award of permanent alimony, the amount of alimony appears so great and so beyond the financial needs of the wife for support and the ability of the appellant to pay as to utterly shock the judicial conscience.
Accordingly, I would reverse that portion of the trial court's order granting exclusive possession of the marital home to the wife.
NOTES
[1] There were conflicts in the evidence presented to the trial court, but at this level we must view the evidence in the light most favorable to the appellee.