LETTS, Judge.
In a 1969 final judgment of divorce, the wife was awarded, custody of the minor children, child support, periodic alimony and “exclusive possession of the home premises for the use of herself and the minor children.” The husband was also required to make all mortgage, tax and insurance payments thereon “during said occupancy.” This judgment, which did not retain jurisdiction to modify the alimony, was never appealed, but the husband, years later, sought modification thereof to: (1) eliminate the periodic alimony and the child support, (2) provide for “equal right to possession of the home” and (3) a reduction of his mortgage, tax and insurance payments by one-half to reflect his one-half ownership as a tenant in common. The court granted the first of these three requests, but denied the other two. We affirm.
We first hold that the court had jurisdiction to modify the alimony award notwithstanding that the final judgment did not so reserve it.[1] This jurisdiction is derived from our reading of Section 61.14(1) of the Florida Statutes, (1977) although this particular statutory provision consists of one long tortuous sentence of over 200 words which is by no means clear.[2] Our conclusion is bolstered by the Second District which has similarly construed the same statute. Cantor v. Cantor, 306 So.2d 596 (Fla. 2d DCA 1975). However, we are not unaware of the Supreme Court ruling in Shaw v. Shaw, 334 So.2d 13 (Fla.1976) which might inferentially hold to the contrary. We would certainly refrain from any ruling contra to the law espoused by our Supreme Court, but are of the opinion that the Shaw case was addressing itself to another issue and never once alluded to the statute cited above.
We next address ourselves to the husband’s argument that “in order for the wife to be entitled to exclusive possession of the marital home there must either be the presence of minor children, a finding of some special equity or an award of lump sum alimony.” We find this statement to be correct with the addition of a fourth criteria recently set forth by Judge Aider-man, namely the presence of some special circumstance, Lange v. Lange, 357 So.2d 1035 (Fla. 4th DCA, opinion filed April 4, 1978). See also Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975), Coalla v. Coalla, 330 So.2d 802 (Fla. 2d DCA 1976) and Hazelwood v. Hazelwood, 345 So.2d 819 (Fla. 4th DCA 1977). Notwithstanding that none of the foregoing requirements appear to be present in the case at bar, the exclusive possession in question here was granted by a 1969 judgment which was never appealed. Accordingly, while the trial judge would have the power to modify the judgment under the cited statute and case law, (which he did in part) he is not required to strike down all the contents of the unap-pealed 1969 ruling because it does not comport with more recent decisions.
It is noted that the wording of that original judgment granted the “exclusive possession . . . for the use of herself and the minor children.” True, the children are no longer minors, but the possession was not granted until majority, or for any *430 time certain. Accordingly, we see no reason to read into those words that the wife’s right to possession ceases just Because the children reach majority.
We are next confronted with the argument that it was error for the court to continue to require the husband to make all the mortgage, tax and insurance payments on the house occupied by the wife, yet leave it in the wife’s exclusive possession. However, we cannot find it to be an abuse of discretion. These alimony payments on the house total $136.50 per month out of the husband’s total monthly take-home pay of $584.00, some 23 percent of his income received.[3] The wife, 63 years old, is employed as a secretary in the Legal Aid Society and has a take-home monthly income of $516.00. This, coupled with the house payments, seemingly places her in a better position than her husband; but on the other hand according to the record, when she retires, or has to quit, she will have no pension and her social security at 65 will be no more than $60 per week. Thus, although the award is generous, we cannot find it to be error that the judge did not extinguish all alimony forever.
The husband finally argues that the Court erred in requiring him to make the mortgage payments because they are a form of alimony, a result totally inconsistent with the Court’s finding that he “shall no longer be obligated to make alimony payments to the wife and all alimony payments are henceforth terminated.” We agree that the wording of the order is inartful, but it is obvious that the judge was referring to the CASH alimony payments direct to the wife which he did extinguish. How else could it be interpreted when the very next paragraph of the judgment requires that the mortgage payment be continued? For us to hold otherwise would be to ignore obvious intent and lose sight of common sense.
The remaining point in appeal is found to be without merit.
AFFIRMED.
CROSS and MOORE, JJ., concur.

. The final judgment did reserve the right to modify the child support.

. (The lack of clarity centers around the problem of whether the jurisdiction is conferred or whether the ability to modify is contingent on jurisdiction being present.

. He has no tax to pay because $423 per month is social security and the remaining $161 is from a pension with a zero tax basis.