368 So.2d 1283 (1979)
Wilmer H. McDONALD, Petitioner,
v.
Edna Fay McDONALD, Respondent.
No. 52050.
Supreme Court of Florida.
March 8, 1979.
Louis K. Rosenbloum and Richard P. Warfield, of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for petitioner.
Paul L. Cummings, Pensacola, for respondent.
BOYD, Justice.
We granted certiorari to review the decision of the district court of appeal, 346 So.2d 610 (Fla. 1st DCA 1977), because of conflict with Ranes v. Ranes, 311 So.2d 370 (Fla. 2d DCA 1975) and Saviteer v. McAdoo, 310 So.2d 28 (Fla. 2d DCA 1975). Art. V, § 3(b)(3), Fla. Const.
In Saviteer, a party to a divorce proceeding was awarded exclusive possession of the marital home, previously held as an estate by the entireties. After dissolution of the marriage the parties became tenants in *1284 common pursuant to statute. In holding that the trial court erred in awarding exclusive possession to one of the parties, the district court of appeal said that such an award is only proper where it takes the form of lump sum alimony or where it is awarded to the party having custody of children in order to effectuate the other party's child support obligation. In Ranes, an award of exclusive possession of the jointly held marital home was held to be error because it did not take the form of lump sum alimony nor was it based on a child support obligation.
In the instant case the former wife was awarded exclusive possession of the marital home for a period of two years following the decree of dissolution. The children of the marriage are grown. The parties were married for twenty-two years, during which the wife has seldom been employed. Her education and skills are extremely limited.
Petitioner asserts that the award of exclusive possession was error. He also contends that the trial court erred in awarding respondent a one-half interest in the same marital home, in dividing equally the separate savings accounts of the parties, and in awarding the wife permanent alimony of $350.00 per month.
In a dissolution proceeding, the court has inherent authority to award exclusive possession of a jointly owned marital home to the party having custody of children as an incident of the other party's support obligation. McRae v. McRae, 52 So.2d 908 (Fla. 1951); Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253 (1947); Hoskin v. Hoskin, 329 So.2d 19 (Fla. 3d DCA 1976); Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975); Berger v. Berger, 182 So.2d 279 (Fla. 4th DCA 1966). The opinions in Ranes and Saviteer neglect to mention that exclusive possession can also be proper when the support obligation in question is owed to the wife alone. Banks v. Banks, 98 So.2d 337 (Fla. 1957); Lange v. Lange, 357 So.2d 1035 (Fla. 4th DCA 1978); Coggan v. Coggan, 230 So.2d 34 (Fla. 2d DCA 1969). In a proper case the exclusive use and possession of marital property may be awarded as a form of rehabilitative alimony where a need has been demonstrated. Cf. Lange v. Lange, 357 So.2d 1035 (Fla. 4th DCA 1978) (special circumstance of wife's mental illness held to justify exclusive award). The award of use and possession for two years was proper and reasonable in this case.
Having resolved the issue of the court's authority, we turn to the petitioner's other contentions. In essence he argues that taken together, the property division, temporary support, and permanent periodic alimony provisions of the trial court's decree constitute an excessive provision in favor of the wife.
Because the trial court judge is in much better position than we to assess the needs and capabilities of the parties, his determinations should be upheld unless they are not supported by competent evidence, so that the provisions based thereon constitute an abuse of discretion. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). Upon our review of the record, we cannot conclude that the provisions of the decree are improper using this standard.
The decision of the court below is affirmed.
It is so ordered.
ADKINS, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
ENGLAND, C.J., and SUNDBERG, J., dissent.