381 So.2d 1353 (1980)
Trenton TAYLOR, Husband, Petitioner,
v.
Marie Delia TAYLOR, Wife, Respondent.
No. 54031.
Supreme Court of Florida.
March 20, 1980.
Lester Makofka, Jacksonville, for petitioner.
James I. Riley, Jacksonville, for respondent.
ADKINS, Justice.
This is a petition for writ of certiorari seeking review of a decision of the First District Court of Appeal, reported at 357 So.2d 488 (Fla. 1st DCA 1978), on the ground that it conflicts with a decision of another district court of appeal.
Husband petitioned for dissolution of marriage and partition of the marital home. He appeals the decision of the First District Court of Appeal affirming the trial court's final judgment of dissolution awarding the wife the use, possession and occupancy of the marital home, until such time as she remarries or dies, whichever first occurs. *1354 There were no minor children in this case, this was not an award of lump sum alimony, nor were there special equities.
The parties were married for twenty-four years. At the time of dissolution, the 56-year-old woman was in poor health, suffering from hypertension. She has an eighth-grade education. Her employment experience is extremely limited, having only worked in a textile mill early in the marriage, and for a short period as a Christmas salesclerk for W.T. Grant Company. Mrs. Taylor has no marketable skills and is further handicapped as she speaks English with a pronounced French accent.
The facts in the instant case are similar to those in McDonald v. McDonald, 368 So.2d 1283 (Fla. 1979), decided subsequent to the filing of this petition in which this Court affirmed the award of the marital home for a period of two years, to the former wife of twenty-two years, with grown children and limited work experience. The facts as recited by the First District Court of Appeal are that Mrs. McDonald was a 39-year-old woman with a seventh-grade education and limited experience as a waitress, clerk, school bus driver, and nurse's aide. McDonald v. McDonald, 346 So.2d 610 (Fla. 1st DCA 1977).
Prior to this Court's decision in McDonald, the Second and Third District Courts of Appeal held that award of exclusive use and possession of the former marital home was error unless awarded as lump sum alimony or based on an obligation to support minor children. Church v. Church, 338 So.2d 544 (Fla. 3d DCA 1976); Watson v. Watson, 324 So.2d 126 (Fla. 3d DCA 1975); Ranes v. Ranes, 311 So.2d 370 (Fla. 2d DCA 1975); Saviteer v. McAdoo, 310 So.2d 28 (Fla. 2d DCA 1975). We expressly disapproved those decisions in Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), holding that exclusive possession of the marital home is proper when directly connected to the obligation to pay support and there is a special purpose for the award. As we stated in Duncan, "[t]he critical question is whether the award is equitable and just given the nature of the case." We find the facts in the instant case are at least as compelling as those in McDonald, and clearly justify the award of exclusive possession by the trial court. See also Lange v. Lange, 357 So.2d 1035 (Fla. 4th DCA 1978), approved in 380 So.2d 1027 (Fla. 1980) (exclusive possession proper where wife was mentally ill and without employment prospects).
The petition for writ of certiorari reflected apparent jurisdiction in this Court. We have determined that, subsequent to McDonald and Duncan, there is no longer direct conflict as required by article V, section 3(b)(3), Florida Constitution. Therefore, certiorari is hereby denied.
It is so ordered.
ENGLAND, C.J., and BOYD and OVERTON, JJ., concur.
ALDERMAN, J., concurs in the result only.
SUNDBERG, J., dissents for the same reason he dissented in McDonald v. McDonald, 368 So.2d 1283 (Fla. 1979).