OTT, Acting Chief Judge.
During the brief marriage of the parties they purchased a business which they operated by their joint efforts and under a joint license. The trial court found upon substantial evidence that appellant has a special equity in the business to the extent of $10,000, and that appellee has a special equity therein to the extent of $5,000. We find no error in those findings.
However, in an effort to bring the litigation between the parties to an early end, the court then provided in its final judgment that the business should be sold, that appellant should receive the first $10,000 of the net proceeds, that appellee should receive the next $5,000, and that they divide any excess equally.
While we share the concern of the trial court that the parties put behind them as quickly as possible the financial repercussions of the failure of their marriage, we must reverse that portion of the judgment ordering the sale of the business. Neither party had requested the partition of any marital assets, nor did they stipulate to such at trial. That being the case, the order exceeded the authority of the court. Hazelwood v. Hazelwood, 345 So.2d 819 (Fla.4th DCA 1977); Niemann v. Niemann, 294 So.2d 415 (Fla.4th DCA 1974), writ discharged 312 So.2d 733 (Fla.1975).
We have examined appellant’s other assignments of error and find them to be groundless. The judgment is reversed insofar as it orders the sale of the business and the case is remanded to the court below with instructions to modify the judgment so as to merely grant the special equities already found. In all other respects the judgment is affirmed. Let the parties bear their own costs on this appeal.
RYDER and DANAHY, JJ., concur.