GLICKSTEIN, Judge.
The appellant/former husband seeks review of a final summary judgment awarded the appellee/former wife. We reverse and remand.
The former husband was awarded the use and possession of the marital home in 1970. There is no transcript of the final divorce hearing and no purpose for such award expressed in the final judgment.[1] Accordingly, we are left with only the parties’ depositions taken prior thereto and the resulting speculation that is derived from their review.[2]
One month after entry of the final judgment, the former wife moved for modification, seeking partition of the real property and division of tangible and intangible personalty owned by the parties together. She also sought alimony, claiming the prayer for same in her counterclaim, at the time of final hearing, was “left pending the outcome of negotiations between the parties.” The trial court denied the motion for lack of jurisdiction as to all of her claims. There apparently was no appeal from the denial.
Within a few months the former wife had remarried in California; and the parties stipulated to the former husband having temporary custody of the parties’ children [3] during the summer months. However, the former husband’s motion for full custody of both children, filed shortly after the divorce, was not resolved by the stipulation and remained in a pending status until 1972. At that time, he abandoned his motion as to the daughter; and the trial court denied the motion as to the son. Over the years, the parties fought over visitation and support.
In February, 1981, the former wife filed a “Supplemental Complaint for Modification” in which she alleged a substantial change in circumstances affecting the former husband’s use and possession of the property; namely, the fact that the minor son — as-sumably then 17 — no longer resided at all with the former husband. The former husband’s answer denied the foregoing allegation and alleged that the claimed change was insufficient to warrant modification. The former wife tendered interrogatories to the former husband, who answered, saying he had been married in 1973 and divorced in 1980. Thereafter, she moved for summary judgment, alleging that since the award of use and possession must have been an incident of support to the former husband, his remarriage in 1973 terminated that obligation and his right to use and possession. The trial court entered a one sentence order, granting the motion. It then rendered a summary final judgment which modified the final judgment and recited only that the former husband “shall no longer have the sole use and possession of the marital home.” No transcript of any hearing in 1981 has been included in the record.
We have no way of knowing on which ground the trial court entered summary judgment because of its brief order. The complaint alleged one ground and the motion alleged another. We believe the ground asserted in the motion is farfetched [4] and the one asserted in the supplemental complaint, which seems sensible and reasonable,[5] was not sworn to by the former *910 wife and denied by the former husband. Accordingly, the entry of summary judgment was improper whichever ground occasioned it.
On remand the trial judge should flesh out this case by requiring appropriate pleadings and testimony or affidavits upon which an appropriate order for the use and possession of the property can be based. Once use is determined, disposition then can be sought in separate proceedings.[6]
DELL, J., concurs.
WALDEN, J., dissents with opinion.

. In Duncan v. Duncan, 379 So.2d 949 (Fla.1980), the supreme court subsequently held that the award of exclusive possession of marital property to one of the parties in a final judgment “must serve a special purpose.”

. The former wife’s deposition reflects that as a result of the parties’ separation prior to final hearing, she and the parties’ two minor children had moved to Miami; and the former husband had remained in the marital home in Palm Beach County.

. A daughter, then 11 and a son, then 6.

. The former husband’s complaint for divorce did not seek alimony for himself and none was awarded. He did seek possession of the home; and the former wife did not.

. We have no difficulty with the use of modification as the procedural vehicle in this case. The award of use and possession in 1970 did not divest the former wife of her interest in the real property. See Banks v. Banks, 98 So.2d 337 (Fla.1957).

. See Hazelwood v. Hazelwood, 345 So.2d 819 (Fla. 4th DCA 1977).