BROWNLEE, JACKSON 0., Associate Judge.
This is a marriage of approximately eleven and a half years with no children and the trial court ordered the Wife exclusive possession of the jointly owned condominium for five years, an automobile and rehabilitative alimony in the sum of $150.00 a month. At the conclusion of five years in the event the Wife is not remarried, the Court then awards permanent alimony in the sum of $350.00 per month.
If the Wife is entitled to permanent alimony, she should be granted it from day one and not at the end of five years, or the Court could simply grant rehabilitative alimony and then upon a proper showing, convert it to permanent alimony at a later time. Saviteer v. McAdoo, 310 So.2d 28 (Fla. 2d DCA 1975); Church v. Church, 338 So.2d 544 (Fla. 3d DCA 1976); Segal v. Segal, 353 So.2d 894 (Fla. 3d DCA 1977).
Additionally, appellant questions the trial court’s authority to award possession of jointly owned property when there are no children involved. Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975); Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976). From the record and the Final Judgment, we are unable to tell what the trial judge had in mind at the time of awarding the wife possession of jointly owned property.
While trial courts have considerable latitude and discretion relative to the many matters which they must decide in a domestic trial, they are not without limitation. However, in order to be properly reviewed, it is necessary for the appellate court to know into what category each award falls. The property and alimony portions of the judgment are reversed, the other portions of the judgment are affirmed and this cause is remanded for a judgment in compliance with this opinion. Should the court deem it necessary to hold further evidentia-ry hearings then he should do so. Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980).
AFFIRMED in part; REVERSED in part and REMANDED.
DAUKSCH, J., concurs.
SHARP, J., dissents with opinion.