FRANK D. UPCHURCH, Jr., Judge.
Both parties appeal from an amended final judgment of dissolution of marriage. The final judgment provides in part as follows:
As lump sum alimony the Court awards to the Wife the exclusive use and occupancy of said marital home until the Wife remarries or ceases to occupy the marital home at which time the home shall be sold and the proceeds divided equally between the Husband and Wife. The Wife shall pay the mortgage payments on the marital home while she occupies it. The Wife shall be reimbursed from the Husband’s share of the proceeds from the sale of the marital home one-half of the mortgage payments she pays between the date of the Final Judgment and the closing of the sale. The Husband and Wife shall each pay one-half the taxes and insurance on the marital home. Upon either party’s death, if the marital home has not been sold, the interest of the deceased party shall pass to the surviving party, (emphasis added)
Lump sum alimony is essentially the payment of alimony in a definite sum and is in the nature of a final property settlement. Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976). Since the court did not award the husband’s interest in the home to the wife, the use of the term “lump sum alimony” was incorrect and the exclusive possession of the home by the wife was simply an additional award of support. Under the facts of this case, we find no abuse of discretion in awarding the wife the use of the home as a facet of support. See Lange v. Lange, 357 So.2d 1035 (Fla. 4th DCA 1978).
We also reject the wife’s contention that she should have been awarded the husband’s interest in the home as lump sum alimony but agree that the trial court should not have provided for a right of survivorship. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981); § 689.15, Fla.Stat. (1983).[1] As to the other issues raised by the parties, we find no abuse of discretion. See Canakaris; Conner v. Conner, 439 So.2d 887 (Fla.1983).
We strike the reference to lump sum alimony and the right of survivorship from paragraph four of the amended final judg *533 ment. As modified, the judgment is affirmed.
. , AFFIRMED as modified.
COBB, C.J., and SHARP, J., concur.

. Section 689.15, Florida Statutes (1983) provides that the tenants, upon dissolution of marriage, shall become tenants in common. The husband’s duty of support will terminate upon his death and with it the wife’s right to exclusive occupancy of the residence.