PARKER, Judge.
W. Franklin Ellis, husband, appeals a final order entered on the wife’s and husband’s supplemental petitions for modification of the final judgment and the order entered after rehearing which altered the first order. We reverse.
The final judgment for dissolution of marriage was entered in 1984. The parties did not enter into a marriage settlement agreement. Instead, the parties contested several matters, including the determination of property rights and support. The trial court made the following findings in its final judgment: the marital home was the only substantial asset of the parties; the wife contributed money and services of undetermined value for the improvement of the home; the wife needed the home to raise the children; the home had been remodeled to permit the wife to continue her pursuit as an art teacher and artist; and the husband was entitled to an equitable share of the home. The trial court thereafter ordered:
*451 Patricia P. Ellis [the wife] is, therefore, awarded the exclusive use and possession of the marital home and its contents as support for herself and for the minor children for a period of fifteen (15) years from the date of this Final Judgment. This exclusive occupancy shall terminate upon her remarriage, by a mutual agreement by the parties, her death, her failure to occupy the premises as a residence for a substantial period of time, or her cohabitation on a regular basis with a male not related to her by blood or marriage in the home. Each party shall be responsible for one-half (¾⅛) of the mortgage payments, taxes and insurances due on the property during this period of exclusive occupancy....
In 1987, the wife filed a supplemental petition for modification and motion to enforce and clarify provisions of final judgment, alleging that she lacked the financial resources necessary to maintain the home and requesting that the husband be required to provide the primary residence for the children. The husband answered the petition, pleaded affirmative defenses, and counter-petitioned with a supplemental petition for modification which specifically requested that the wife’s right of exclusive possession of the former marital home be terminated. The former marital home is waterfront property with a value of $220,-000 with equity of approximately $200,000.
After a hearing, the court entered the following order:
The Court finds that there have been substantial changes since the entry of the Final Judgment, that is, the children no longer live with the Wife, and the Wife, in the intervening years, has obtained only minimal income from her activities as an artist. Further, that the residence is in a very bad state of repair and is of excessive size for occupation by one person. Therefore, the Court finds that the Wife’s exclusive possession of the home should be terminated and the property should be sold.
The wife filed a motion for rehearing. The trial court then reversed itself, observing in an order:
The- Court remains of the opinion that as a practical matter the residence should be sold. There is a large equity in the property which could be divided by the parties after necessary repairs are made. The Final Judgment is silent with regard to upkeep and repairs and this Court has no solution to the needed repairs other than that offered in its previous Order. Under the status of the pleadings this Court is of the opinion that it has no authority to Order the property sold.
The court thereafter ordered the wife’s exclusive possession of the marital home to continue, struck the sale provision from the previous order, and increased the wife’s alimony, which both parties conceded at oral argument was done to provide the wife additional funds for maintenance and repairs on the home.
We agree the court could not order the sale of the marital home without the filing of a pleading requesting that relief. See Labarre v. Labarre, 382 So.2d 761 (Fla. 2d DCA 1980). The trial court, however, apparently misunderstood that it could order the termination of the wife’s exclusive use and occupancy of the marital home without a petition for sale of the home. The court never retreated from its findings in the first order that there were substantial changes since the entry of the final judgment. An award of exclusive possession of property is always subject to modification whenever there is a change in circumstances. Duncan v. Duncan, 379 So.2d 949, 952 (Fla.1980). Accordingly, the trial court could have terminated the wife’s exclusive possession of the home if it determined that the change in circumstances justified the termination.
We reverse and remand for the trial judge to reconsider his order in view of this opinion. The trial court may wish to conduct further hearings upon these petitions before entering an amended order. Reversed and remanded.
DANAHY, A.C.J., and SCHOONOVER, J., concur.