74 So.2d 647 (1954)
M.J. MURREY, Appellant,
v.
The BARNETT NATIONAL BANK OF JACKSONVILLE, a National Banking Association, as Trustee and as Executor of the Last Will and Testament of Margaret E. Blum, Deceased, Charles W. Blum, Margaret Blum Power, Margaret Cecilia Chapman, and Roberta Blum Arnold, Appellees.
Supreme Court of Florida. Special Division B.
September 14, 1954.
Joseph M. Glickstein and Bedell & Bedell, Jacksonville, for appellant.
J. Turner Butler, Jacksonville, for Barnett Nat. Bank of Jacksonville, as trustee and as executor of the last will and testament of Margaret E. Blum, deceased, *648 Charles M. Blum, Margaret Blum Power and Margaret Cecilia Chapman.
Patterson, Freeman, Richardson & Watson, Jacksonville, and Williamson, Gunster & Baugher, Palm Beach, for Roberta Blum Arnold, appellee.
TERRELL, Acting Chief Justice.
Margaret E. Blum was twice married. Her first marriage was to John Murrey, to which union two sons were born, Sam Murrey, who predeceased his mother, and M.J. Murrey, the appellant in this case. Her second marriage was to Charles W. Blum to which union four children were born, Charles W. Blum and Margaret Blum Power, two of the appellees, Jennie Blum Bridges and Fred Blum. Fred Blum predeceased his mother, leaving one child, Roberta Blum Arnold, one of the appellees. Jennie Blum Bridges also predeceased her mother, leaving one child, Margaret Cecilia Chapman, one of the appellees. Charles W. Blum died in 1920. Margaret E. Blum executed three wills, the first in 1935 by which she left bequests to each of her children and grandchildren. The second will was executed in 1940 and contained bequests to each of her children and grandchildren but in different amounts from those contained in the first will. The third will was executed in 1943 and contained bequests to her children and grandchildren. In August 1947 she executed a trust agreement to the Barnett National Bank by which she provided for her support during her life and at her death the trustee was required to pay the expense of administering her estate and divide the remainder into such equal number of shares as necessary to provide one share for each of the following who survive the trustor: M.J. Murrey, Charles W. Blum, Margaret Blum Power, Margaret Cecilia Chapman and Roberta Blum Arnold. The trust agreement also provided that the trustee pay the net income from one share of the trust estate to the child or grandchild of the trustor in convenient installments for ten years from her death, at which time the trust should terminate and the trustee should deliver to the child or grandchild the part set aside for him or her.
This suit was brought by M.J. Murrey against the Barnett National Bank as trustee, Charles W. Blum, Margaret Blum Power, Margaret Cecilia Chapman and Roberta Blum Arnold to set aside the trust agreement on the ground that Mrs. Blum was 86 years of age at the time it was executed, that she was the inmate of a convalescent home, and that by reason of infirmity she was senile and unable to understand the nature and effect of the agreement, that it did not truly express her purpose, that she was not capable of disposing of her property and that said trust agreement was not in fact her act and deed. An answer by defendants denied these allegations, a Special Master was appointed who took testimony and found that the plaintiff failed to prove his case by preponderance of the evidence. He recommended that the bill be dismissed at the cost of the plaintiff. The Chancellor approved the findings of the Master and entered final decree for defendants, from which this appeal was prosecuted.
From the facts detailed it will be readily discerned that the answer to the question presented required an appraisal of the evidence. Appellant contends that since the trust agreement disposed of substantially all the estate of the trustor and that it was procured by a son who was in a confidential relation to her, it was the duty of those claiming benefits under the trust agreement to go forward with the evidence and show that said agreement was the free and voluntary act of Mrs. Blum at the time it was made and that she had legal capacity to dispose of her property.
An examination of the evidence discloses that Mrs. Blum was enfeebled physically and mentally at the time she executed the trust agreement and that the latter was in some respects different from the intention expressed in the wills previously executed by her, particularly the third will. The corpus of the estate was 331 shares of stock in Blum Investment Company, a family corporation, valued at $76,130. All *649 of the children and grandchildren received substantial bequests under the trust deed and while the part of the appellant was somewhat reduced over that provided in the last will, the reduction was not great and the part of the son who is alleged to have been in confidential relation with his mother is not shown to have been increased by the trust agreement. In other words, he is not shown to have profited by it. It is also shown that Mrs. Blum lived two years after the trust agreement was executed and expressed no desire to change it. During this time she lived in a convalescent home and all her children and grandchildren had access to and did visit her frequently.
The primary question tendered by the pleadings went to the capacity of Mrs. Blum to execute the trust agreement. It is well known that many of her age are not as vigorous mentally or physically as they are when younger but even a lunatic may make a will or a sale of property in a lucid interval. Feebleness of body or mental weakness does not tend to create the presumption of incompetence nor authorize a court of equity to set aside a deed. Whether or not Mrs. Blum was enfeebled mentally to the extent that she was incapacitated to make a trust deed was a matter for the determination of the Chancellor. He answered the question in the negative and we find ample evidence to support his finding. Another thing, the disposition under the trust agreement was a perfectly natural one. It divided the estate per stirpes as to the grandchildren and provided that all children share equally. It is true that when a confidential relation exists between the maker of a deed or will and the beneficiary under it, the beneficiary must show that the instrument was not induced by undue influence, but where it is shown that the one in fiduciary relation did not profit by the transaction such proof becomes unimportant.
There is no showing here nor even is it charged that the disposition under the trust agreement was not fair and equitable. The fact that one did not get what he expected is no ground to set aside a testamentary disposition under a valid trust agreement. There must be a showing of additional benefits to one charged with undue influence to establish a presumption in favor of it. Under the trust agreement all the heirs shared equally. The facts in this case do not raise a suspicion of undue influence. It is further significant that the bill of complaint has no specification charging undue influence; it it based solely on incapacity. Some of the cases hold that a charge of undue influence concedes mental capacity. There must be clear and convincing proof showing undue influence before an instrument will be set aside as having been induced by it. In this case very potent facts point away from undue influence. It provided support for the trustor as long as she lived and contained other very worthwhile provisions. It discriminated against no one.
Much is said about the gift under the trust agreement being irrevocable, but we find nothing in this to invalidate it. In order that a gift be complete, inter vivos, it is necessary for the donor to divest himself of it. He cannot withhold divestiture and make a legal gift.
Appellees cross-assigned error for exclusion of the testimony of Charles W. Blum and Margaret Power under F.S. § 90.05, F.S.A. We are convinced that under Adams v. Board of Trustees, 37 Fla. 266, 20 So. 266, Rich v. Hunter, 135 Fla. 309, 185 So. 141, and other cases in which this statute has been construed, it was error to exclude the testimony of these witnesses but their testimony could have had but one result and that was to strengthen the case of appellees which we hold to be strong enough to withstand the assault against it.
Other points discussed have been considered but we find no reversible error so the decree appealed from is affirmed.
Affirmed.
THOMAS and DREW, JJ., and HERIN, Associate Justice, concur.