77 So.2d 625 (1955)
Sarah M. FOREHAND, Appellant,
v.
Bernice PEACOCK, Appellee.
Supreme Court of Florida. Division A.
January 28, 1955.
Cecil A. Rountree, Chipley, for appellant.
James N. Daniel, Chipley, for appellee.
TERRELL, Justice.
Appellant, plaintiff below, was 71 years of age and the mother of defendant below, who is appellee here. In 1947 W.D. Marlow and wife conveyed to plaintiff and defendant one-fourth of an acre of land as tenants in common. Two and one-half years later the parties executed an agreement in which it is recited that they intended to take title under said deed as "joint tenants or as an estate by the entireties" so that in case of the death of either the survivor would become the owner of the property. The land cost $600 of which $500 was paid by plaintiff and $100 was paid by defendant. When purchased there was a one-room house on the land, a second room was added at a cost of $300 which was paid by plaintiff. A second house was built on the land at a cost of $2,300, $2,200 of which was paid for by funds of the plaintiff and $100 was paid by defendant.
When this property was acquired it was agreed that plaintiff would live on it as her home the balance of her life, rent free. This was apparently a parol agreement. Soon after it was made and plaintiff moved on the property, defendant and her husband *626 began going to the place and demanded rent from plaintiff, quarrelled and fussed with her, mistreated her, called her vile names and raised hell with her so passionately that she was compelled to leave the place. She instituted this suit by amended complaint, praying that the rights of the parties be adjudicated in said lands, that an appropriate attorney's fee be awarded and for other relief. The bill was dismissed and this appeal was prosecuted.
Appellee contends that the decree appealed from should be affirmed because of the agreement made by the parties and outlined in the forepart of this memorandum. The basis of this contention is that the oral agreement for appellant to live on the land was superseded by the agreement to hold the land as tenants by the entireties and that the latter controls.
At the outset it may be asserted that there is no such thing recognized in law as an estate by the entireties other than that authorized between man and wife. The attempt of the parties to create such an estate between the mother and daughter, therefore, failed of its purpose. We think, however, that while the instrument dated November 18, 1949, attempting to create an estate by the entireties failed in this, it was nevertheless sufficient to create an agreement between the parties not to partition the property and to vest title thereof in the survivor to said agreement. Of course, such agreements, like all others, may be dissolved for fraud, overreaching, or for other grounds recognized by law. The amended complaint prays that the rights of the parties in the lands be adjudicated. If appellant can show that the agreement to inherit by the survivor has been breached or that for any legal cause one of the parties has made it inequitable or unduly burdensome for the other to live by the contract, she is entitled to have it rescinded and the rights of the parties adjudicated. One entering into an agreement like that disclosed in this case is not required to pay the freight and then suffer torture from the other party in order to live by it.
The judgment appealed from is accordingly reversed with directions to proceed accordingly.
Reversed with directions.
MATHEWS, C.J., and SEBRING and ROBERTS, JJ., concur.