92 So.2d 423 (1957)
Chase L. CONDREY, Jr., and Frieda H. Condrey, his wife, Appellants,
v.
Chase L. CONDREY, Sr., and Mamie H. Condrey, his wife, Appellees.
Supreme Court of Florida, Special Division B.
January 30, 1957.
*424 Charles V. Silliman, Orlando, for appellants.
Walter E. Smith and S. Victor Tipton, Orlando, for appellees.
O'CONNELL, Justice.
Chase L. Condrey, Jr. and his wife, the appellants here, filed a suit to partition certain lands in Orange County owned by them as tenants in common with his parents Chase L. Condrey, Sr. and his wife, who were defendants below and appellees here.
The appeal is from a final decree in which the chancellor denied plaintiffs' prayer for partition and also denied the defendants' prayer for specific performance of an alleged agreement whereunder plaintiffs were to support the defendants for their lifetime.
The facts necessary to be detailed follow.
In 1940 Condrey, Sr., defendant with his wife, invited plaintiffs, Condrey, Jr. and his wife, to live in a single family residence *425 on the rear of their property. The defendants then occupied a residence on the front of the same property. The son moved in and at his own expense converted the rear house into a duplex. He lived in one unit and with his father's permission collected the rents from the other unit in the duplex. In 1948 both parents became disabled by separate accidents; the son and his wife moved into the front house with the parents and collected the rental from both units of the duplex and in turn contributed to the living expenses of the defendants. The four parties alleged that for some time they discussed what should be done. The son had invested several thousand dollars in the property and the parents were unable to contribute towards such expenses or even much towards everyday living expenses. Plaintiff had two sisters who although not immediately involved were at least potential threats to his investment should his parents die and the land pass by the law of descent to the plaintiff and his sisters. A lawyer was engaged in September of 1949 and the defendants conveyed the land to the lawyer and his wife who in turn conveyed the property to both plaintiffs and both defendants as tenants in common "with right of survivorship".
The deed in question contained no provision concerning either an agreement for support nor an express provision against partition of the land. Nor was there any separate written agreement covering either matter.
The four parties continued to live together in the front house until December 6, 1953; the plaintiffs collected and used the rentals and paid all household expenses, providing defendants with clothing and care. Additional sums were paid by plaintiffs on the property for insurance, taxes, repairs, and improvements.
In December 1953 the plaintiffs moved out of the front house and off the property because of family differences. They collected no more rental except for one sum of $112, which was placed in escrow pending the outcome of the petition for partition which they filed. They expended no more funds on their parents nor on the property.
The defendants in their answer affirmatively prayed for relief, asking for specific performance of an alleged oral agreement for lifetime support, which they alleged was the consideration for their having brought about the creation of the tenancy in common with right of survivorship. The lower court denied the petition for partition and the counterclaim for specific performance of the agreement for lifetime support which the court found to have been a substantial part of the consideration for the conveyance which created the tenancy in common under which plaintiffs claim the right to partition.
Defendants filed cross-assignments of error to the final decree. In their brief before us they raise only one question. We will dispose of it first.
In their question the defendants contend that the court erred in not exercising its general equity power to set aside the conveyance to the four parties and to then give plaintiffs a lien on the property for the amount of value of improvements made by them.
This question is easily disposed of. It is raised before us for the first time. It was not relief prayed for by the defendants either in the pleadings or elsewhere in the record, so far as we can see. We reject this contention for the reason above expressed.
Plaintiffs raise three questions for us to decide. They contend that: (1) as tenants in common they are entitled to partition as a matter of right; (2) the evidence in this case does not establish an oral agreement not to partition the lands involved; and (3) an oral agreement not to partition is unenforceable under the Statute of Frauds.
*426 On the plaintiffs' first question there is no doubt that the law favors the right to partition. And the general rule is that partition is a matter of right. Willard v. Willard, 145 U.S. 116, 12 S.Ct. 818, 36 L.Ed. 644. 68 C.J.S., Partition, § 44.
But there are exceptions to the rule. The right to partition may be waived, or one may be estopped to enforce the right by an agreement not to partition either express or implied. Forehand v. Peacock, Fla. 1955, 77 So.2d 625; Martin v. Martin, 1897, 170 Ill. 639, 48 N.E. 924; Odstrcil v. McGlaun, Tex.Civ.App. 1950, 230 S.W.2d 353; Rowland v. Clark, 1949, 91 Cal. App.2d 880, 206 P.2d 59. 68 C.J.S., Partition, § 44.
In the case of Forehand v. Peacock, supra, this Court held that an agreement purporting to create an estate in property by entireties between mother and daughter could not create such an estate, but was sufficient to create an agreement not to partition property and to vest title thereof in the survivor. In that case this Court observed that agreements not to partition could be made and would be binding on the parties, subject to dissolution for grounds recognized by law.
An agreement never to partition lands or one which unduly or unreasonably restricts partition is generally held to be unenforceable as an unreasonable restraint on the use and enjoyment of property, and therefore contrary to public policy. Haeussler v. Missouri Iron Co., 1892, 110 Mo. 188, 19 S.W. 75, 16 L.R.A. 220.
However, under our system of government, our guarantees of right to contract and rights of ownership and use of property, there appears to us to be no valid reason why the owners of undivided interests in property cannot contract not to partition land, except where the prohibition of partition is for an unreasonable and/or indefinite period of time, or is otherwise so unreasonably restrictive as to be contrary to public policy.
We must therefore hold that while partition is a matter of right to those holding undivided interests in lands, such right may be waived or the holder thereof estopped to assert the right by an express or implied agreement, otherwise enforceable, providing said agreement not to partition be for a reasonable and definite period of time and not otherwise unduly restrictive. An agreement not to partition during the life of any of the tenants does not appear to us to be for an unreasonable time. We find nothing in the statutes of this State contrary to this holding. F.S., § 66.01 et seq., F.S.A.
As to the second question raised by plaintiffs, i.e. that the evidence does not establish an oral agreement not to partition the lands involved, the general master in his report and the chancellor in his final decree both found that there was an agreement not to partition the lands during the life of any of the co-tenants. In arriving at this conclusion the master and the chancellor both found that there was no money paid by plaintiffs as consideration for the deed of conveyance, but rather that the deed was executed in consideration of a verbal agreement whereunder all the parties were to occupy the property as one family, the plaintiffs to collect all rents and in turn were to provide the necessary food, clothing and care for the defendants as long as either of them lived and that none of the parties were ever to be evicted from the premises. The question of whether there was an agreement not to partition is a question of fact to be determined by the chancellor and in the absence of a showing that there was no competent evidence to support his findings we will not disturb them.
All of these facts, together with the provision in the deed creating the right of survivorship, seem to us to be sufficient to sustain the finding by the *427 chancellor that there was an agreement not to partition, either express or implied.
In the last question posed by the plaintiffs it is contended that an oral agreement not to partition is not enforceable because of the Statute of Frauds, F.S. § 725.01, F.S.A.
This would no doubt be true if the agreement not to partition had not been performed in part, in fact so far as the defendants are concerned it appears that the agreement had been fully performed. This case is obviously different than one in which two or more co-tenants, either owning or acquiring lands, agree between themselves that they will not partition. In such latter case consideration for the agreement and/or part performance might not be so apparent and intertwined as here. It is clear to us that the conveyance by the defendants to the plaintiffs of the interest in the lands in question was at the same time adequate consideration for the agreement and at least part performance by defendants of the agreement not to partition. This was sufficient to take the agreement from under the Statute of Frauds.
We are constrained to say also that under the circumstances presented in this case equity would not be done by ordering partition. We have two elderly citizens, neither completely whole in physical health nor able to support themselves. They own a home on which improvements have been made by a son, voluntarily, without expectation of payment except possibly through collection of rents from a rear building. A conveyance is made by the parents wherein a tenancy in common with right of survivorship is created between the parents and the son and his wife. It is not contended by the son that the conveyance was a gift or in payment of sums advanced for support of his parents or for improvements to the property, but rather only for the "protection" of his parents and himself and his wife.
It is not conceivable under these facts that the parents, defendants, intended by said arrangement to put themselves in position to be forced from their home or to surrender the right to live there. Obviously this would not be for the protection of the parents and could not have been, in our opinion, the intention of the parties.
Where the effect of granting partition would be to reach a result such as would exist in this case we believe that a court of equity has the right in its discretion to refuse to grant it. But as the court in Wolfe v. Stanford, 1937, 179 Okla. 27, 64 P.2d 335 warned, litigants should be wary of relying on the expectation that the court will so exercise its discretion, since it should be so exercised only in extreme cases or where manifest injustice, fraud or oppression will result if partition is granted.
It is to be noted that in this case the chancellor found that the plaintiffs breached their agreement with defendants, and that it was not the defendants who did so. If it had been found otherwise, we might well have allowed partition as was done in Forehand v. Peacock, supra.
Affirmed.
TERRELL, C.J., and ROBERTS and THORNAL, JJ., concur.