PEARSON, District Judge.
The chancellor in the final decree now appealed has made certain findings of fact, which are basis for the relief granted. These findings are:
“ * * *, the court finds that after some negotiations, plaintiffs and defendants entered into a final agreement and contract whereunder the plaintiffs agreed to pay to the defendants the sum of $600.00, and in consideration thereof, the defendants would convey to plaintiffs by good and sufficient deed the property described in deed recorded in Deed Book 1445, pagr es 103-4-5, of the current public records of Duval County, Florida; and ‘it was understood and agreed between the parties that plaintiff would have ingress and egress to the purchased lands from 58th Street over the disputed area;’ that this contract having been entered into, plaintiffs performed their part of the contract by paying to the defendants $600.00, as agreed, and the defendants proceeded to and did partially perform the contract on their part by executing and delivering to plaintiffs a deed of conveyance to the land so agreed to be sold and conveyed, which deed is recorded in Deed Book 1445, pages 103-4 — 5, of the current public records of, Duval County, Florida; and shortly after the payment to the defendants by the plaintiffs of the purchase price of the property, the defendants removed the fence and gate at the dead end of West 58th Street, opening on their property, part of which was conveyed by them to the plaintiffs, and gave to plaintiffs their right of ingress and egress from the dead end of West 58th Street over the adjoining property of the defendants and on to the property sold and conveyed to plaintiffs, which right and privilege of ingress and egress was exercised by plaintiffs for four years, when defendants replaced said gate at the dead end of 58th Street, and built a fence across and upon the property theretofore conveyed by the defendants to plaintiffs, depriving these plaintiffs' of the right and privilege of ingress and egress to the land conveyed to them by defend'ants. * * ”
The Chancellor granted the relief prayed; in that, defendants were directed to remove all obstruction of any kind, placed by them, preventing the plaintiffs from full and free ingress and egress from the dead end of West 58th Street to' and upon the property conveyed by defendants to plaintiffs. Certain other relief incidental thereto was also granted.
*813 The appellants have presented three questions for our consideration: (1) Does the evidence support a finding by the court that an easement of necessity exists? (2) Is oral evidence permissible in view of Section 725.01, Fla.Stats., F.S.A. (Statute of Frauds) to support a finding that an easement exists, thereby varying the terms of a warranty deed? (3) Did the chancellor err in the assessment of costs? A discussion of appellants’ first question is not necessary because we are not called upon to decide whether an easement of necessity arose under the facts presented. A finding of an easement by implication of law is not implicit in the findings of the chancellor above quoted. The special master’s report, which was ratified by the final decree, contained the following recommendation:
“The master is therefore of the view that there was such part performance by the plaintiff as to entitle him to specifically enforce the agreement of ingress and egress over the disputed area, and also that an easement by necessity should be implied in law, * * *. ”
The master further found:
“The parcel described in deed from the defendant to the plaintiff was at the time of purchase low and swampy. The plaintiff, following his purchase, caused this parcel to be filled with dirt and its elevation thus raised, cleared the growth from it, sodded it with grass, and in doing this exercised his claimed rights of ingress and egress over the disputed area.”
Assuming, hut not deciding, that an easement of necessity did not exist, we find that there is ample authority to support the decree under the findings of fact. An oral agreement for ingress and egress is enforceable under the facts of this case. In Condrey v. Condrey, Fla.1957, 92 So.2d 423, this court held that an oral agreement not to partition could be specifically enforced where the agreement had been partially performed. In that case the chancellor found that the consideration for a conveyance by parents to their son or his wife of an interest in real property had been an agreement not to partition. The conveyance and the fact that the parties subsequently lived together on the property in order to provide a home for the parents was held to be such part performance by the parents as to take the agreement from under the statute of frauds. In the instant case the chancellor found that the plaintiffs had performed their contract by paying the purchase price and that the defendant partially performed the contract by delivery of the deed. Further, the defendants parially performed by removing the fence and gate and thus gave the plaintiffs their right of ingress and egress for four years before they changed their position and brought forth the statute of frauds to act as their sword to destroy what they had sold the plaintiffs.
In this connection see Todd v. Hyzer, 154 Fla. 702, 18 So.2d 888, wherein the rule relating to relieving parol sales from the effect of the statute of frauds is discussed. Although we are not concerned in this case with an attempt by a plaintiff to enforce, ab initio, a contract to sell, it is interesting to note that an examination of the record reveals a substantial compliance with the elements necessary for such relief.
Affirmed.
TERRELL, C. J., and ROBERTS, THORNAL and O’CONNELL, JJ., concur.