## MIRSKY v. BLAKE.
No. 61-C-3513.

Circuit Court, Dade County.

September 6, 1962.

A. Budd Cutler, Miami, for plaintiff.

Blackwell, Walker & Gray, Miami, for defendant.

PHILLIP GOLDMAN, Circuit Judge.

This is an action for the partition of real estate. By way of counterclaim, the defendant and his guardian ad litem seek to set aside the critical instrument of conveyance (the foundation for the partition action) on the ground of fraud and undue influence. The matter is presently before the court for final disposition.

By way of background the defendant Blake is an 84-year-old widower. He is not able to support himself nor is he completely whole in physical and mental health. Plaintiff Mirsky is a 43-year-old unmarried woman. She is not related to defendant Blake by blood or marriage. The two have known each other since 1945 when they worked for the same business concern. The defendant has no children and he took a fatherly interest in the plaintiff from the start of their relationship. In fact Mr. Blake's fondness for Miss Mirsky during the early years of their relationship ran so deep that he once moved out of his apartment so that she would have a place to stay.

Sometime in 1951, Mr. Blake acquired a piece of property upon which he commenced construction of a duplex dwelling. He obtained $2,500 of the construction cost from Miss Mirsky who took back a mortgage for the amount she advanced. Before the dwelling was completed, Mr. Blake and Miss Mirsky agreed that she and her roommate, Nancy Burstein, would rent one of the apartments at the bargain rate of $40 per month. The two girls a short time later moved into the apartment. Thereafter Miss Mirsky advanced substantial sums of money for needs at the place, collected rents and performed other services around the premises (including some personal services for Mr. Blake). During this period the defendant made a will leaving Miss Mirsky everything, quarreled with her, made up with her, executed a mortgage to her and paid it off, made another mortgage to her and built

a Florida room on the dwelling house. Overall during this period Miss Mirsky and Mr. Blake each filled needs of the other with platonic affection.

Some time before April of 1957, however, constant association with the eccentricities of advanced years had begun to wear on Miss Mirsky. She threatened to move. Without any suggestion from Miss Mirsky, Mr. Blake immediately went to a lawyer of his own choice who prepared a deed conveying from Mr. Blake to Miss Mirsky an "undivided one-half interest" in the premises. The deed said — "It is the intention of this instrument to create a joint tenancy with right of survivorship." By this language it is apparent that Blake intended to create immediately in Miss Mirsky an undivided one-half interest with the entire premises to go to the survivor of Mr. Blake and Miss Mirsky. The deed further recited —

> "This deed is given in consideration of the undertaking by grantee to care for said property, to collect the rentals of tenants and perform other services in and about said property, it being understood that all rentals collected shall be applied to the reduction of the existing first mortgage of record payable through C. W. Kistler Co. of Miami. Grantee accepts this conveyance in full satisfaction of any and all claims which she might have against the described property or against the grantor."

Miss Mirsky then took this document to a lawyer of her own choice who examined it. She then affixed her signature at the indicated place. She also agreed to stay; abandoning her plan to move.

The quoted words relating to survivorship, as well as the provisions for continuing duties by Miss Mirsky to care for the property, etc., together with the oral agreement by Miss Mirsky to stay — all things considered together — establish an understanding and agreement by the parties that neither one would partition the premises during the life of the other, and the court so finds.

In this connection it is to be noted that both express and implied contracts *not* to partition real estate are recognized under Florida law. Forehand v. Peacock, Fla., 77 So.2d 625; Condrey v. Condrey, Fla., 92 So.2d 423. As stated in the Condrey case, supra, at p. 426 — "The right to partition may be waived, or one may be estopped to enforce the right by an agreement not to partition either express or implied." In the court's opinion a conveyance by a very old person in feeble health and without income to a much younger person of a joint estate with right of survivorship in consideration of services by the younger person makes a set

of circumstances strongly conducive to finding a contract not to partition. Condrey v. Condrey, supra.

Just as clearly the quoted language in the deed cleared accounts between Miss Mirsky and Mr. Blake. Miss Mirsky however took her interest subject to divestment by her death before Mr. Blake or by her failure to care for the property, make the first mortgage payments, collect rentals or perform other services about the premises so long as Mr. Blake lives. In the event any of the stated contingencies occur, then the estate granted by Mr. Blake to Miss Mirsky will revert back to him.

This is so because it is well settled that the failure of a young grantee to provide an old and feeble person during his lifetime with services for which in whole or in part a deed was given relates back to the inception of the contract and vitiates the entire transaction. Collins v. McKelvain, 138 Fla. 463, 189 So. 655; Cook v. Adams, Fla., 89 So.2d 6.

Turning now to the defendant's counterclaim, the court finds that Mr. Blake possessed the necessary capacity to contract on April 11, 1957. No confidential relationship between Blake and Miss Mirsky existed at that time. Blake executed the deed voluntarily and of his own free will and accord to repay amounts owed to Miss Mirsky and to insure that Miss Mirsky would continue to perform for him services for which he then felt and even now feels a deep need.

It is well settled in this jurisdiction that mere feebleness of body or mental weakness does not authorize a court of equity to set aside a deed. Murrey v. Barnett National Bank, Fla., 74 So.2d 647. Nor does mere affection, kindness, or attachment of one person to another of itself constitute undue influence. Heasley v. Evans, Fla. App., 104 So.2d 854.

Although Miss Mirsky has slacked off recently in the performance of the services called for in the contract, the court finds that she has performed sufficiently to preserve her interest. In this connection, however, the court is constrained by Miss Mirsky's conduct in the months just preceding the filing of the bill herein to remind her that her interest in the subject premises depends upon faithful performance of the services mentioned in the April 11, 1957 contract.

It is accordingly ordered and decreed as follows — (1) The complaint herein is hereby dismissed and the plaintiff shall go hence without day. (2) The counterclaim filed herein is hereby dismissed and the defendant-counterclaimant shall go hence without day. (3) Each party shall bear their respective costs.