PER CURIAM.
In this appeal from the final judgment dissolving the marriage of the parties, the personal representatives of the deceased wife’s estate question the correctness of the property division between the parties. We affirm in part and reverse in part.
The husband is a very successful neurosurgeon. The parties were married while the husband was a surgical resident, and during the eighteen-year marriage, the husband’s income rose dramatically, while the wife remained at home caring for the household, the children of the parties and children of each party by former marriages. The jointly owned marital residence, valued at several hundred thousand dollars, was constructed by using, in part, a bank loan obtained by the parties jointly, but against which the wife had pledged stock which she had brought into the marriage and which remained titled in her name. At time of trial, the balance of this loan was approximately $84,000.
When the wife filed the dissolution action, she was suffering from a terminal illness and at the trial she testified from a wheelchair, in obviously failing condition. At the wife’s request, and after finding the marriage irretrievably broken, the trial judge entered a partial final judgment dissolving the marriage and retaining jurisdiction over all other matters. The wife died four days later. The final judgment denied the wife’s claim for alimony, lump sum or otherwise, denied her claim of special equity in the husband’s portion of the marital residence, held that the bank obligation to which the wife’s stock had been pledged should be paid jointly by the husband and the wife’s estate and denied the wife’s request that the husband be ordered to substitute other collateral for her stock. The judgment also denied the wife’s demand that the husband be required to repay to the wife’s parents the sum of $37,000 advanced by them towards the acquisition .of the marital residence.
Except with respect to the ruling on the bank loan, we cannot say that the trial court abused its discretion in denying the claim for special equity in the marital residence or in denying distribution to the wife of the husband’s interest in the residence as an equitable division of the property of the parties. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
We hold, however, that because both parties agree that the husband had promised at the time the bank loan was negotiated that he would be solely responsible for paying it off (his was the only significant income of the family), it would be inequitable to permit him to disavow that agreement after the wife’s death. The trial court should have required the husband to assume complete responsibility for the loan and to release the wife’s stock as collateral, either by paying off or renegotiating the loan or by substituting other collateral in its place.
We further note that the wife’s representatives take the position that the final *1254 judgment gives the husband exclusive possession of the marital residence during the minority of the children, but the judgment does not say so and the husband agrees he was not awarded such possession. Additionally; the husband’s brief does not dispute the wife’s entitlement to partition of the marital residence as prayed for in her petition. Under the circumstances here, the prayer for partition should have been granted. Condrey v. Condrey, 92 So.2d 423 (Fla.1957).
The final judgment is reversed insofar as it requires the wife’s estate to be equally obligated with the husband for the repayment of the bank loan and rejects the request to release the wife’s stock, and insofar as it refused the request for partition of the marital residence. In all other respects it is affirmed. The cause is remanded to the trial court for further proceedings consistent herewith.
AFFIRMED in part, REVERSED in part and REMANDED.
DAUKSCH, C. J., and ORFINGER and SHARP, JJ., concur.