WENTWORTH, Judge.
This is an appeal from an order finding that certain property owned by the parties as tenants in common is indivisible without prejudice to the owners, and ordering it sold. We reverse because we conclude the record substantiates the report of the statutory commissioners recommending partition in kind based on lack of prejudice.
The parties in this case are the heirs of Alvin Thompson, Sr., who died intestate, leaving a tract of land consisting of approximately 200 acres. Alvin Sr. had seven children: Annie Mae, Robert, Alvin Jr., Louise, Mattie, Ralph, and Willie. Willie predeceased Alvin Sr. leaving seven children of her own. The appellees, Annie Mae and two of Willie’s children, filed a complaint for partition and sale, alleging that the property was not subject to partition in kind.[1]
Pursuant to § 64.061, Florida Statutes, a commission was appointed to make the partition or report that such a division was not possible without prejudice to the owners. The commissioners studied the land and determined that it could be divided into parcels approximately equal in value. As required by the statute,[2] the commission made the partition and reported it in writing. The report included a plat of the two hundred acres depicting the proposed division and the appraised value of each parcel.[3] As directed by the order appointing the commission, one parcel was set aside for Alvin Jr., Louise and Mattie. This parcel contained the “old homestead” where these three had lived since Alvin Sr. bought the property.[4] Also pursuant to the court’s order, the parcels set aside for Annie Mae and Robert each contained the mobile home sites where they were living. An unoccu *389 pied forty six acre parcel was set aside for Willie’s heirs, and an unoccupied tract was assigned to Ralph.
Appellees filed an exception[5] to the report alleging:
1. ... they do not feel that the “46 acres” is equal to one-seventh of the total value of the estate;
2. All of the plaintiffs feel that the value of their property would be diminished because of the limited access.
3. All of the plaintiffs feel that the property can not be sold in a subdivided state and even if it could be, it would be at a greatly reduced price.
After a hearing, the court entered the judgment appealed, ordering that the entire tract be sold at auction.[6]
The decision of the lower court is, of course, presumptively correct and not reversible if supported by competent substantial evidence. We have reviewed the record here, however, and find the evidence does not support the conclusion (required by the statute as a condition for sale)[7] that the property is not susceptible to partition in kind without prejudice to the owners.
The only evidence controverting the commission’s report came from appellee Erma Ward. Her testimony shows unsupported, subjective doubts about her ability to rent her property, and her opinion that “you can’t hardly get to it.”[8] To the contrary, there was, in addition to the commission’s report, the unrebutted testimony of two of the commissioners. They testified that *390 each of the parcels were so close to being equal in value that one could be traded for another. One commissioner stated specifically that they had considered the need for easements in appraising the various properties. There was no evidence that the creation of easements would require expenses not contemplated by the commission. On the contrary, the evidence showed that an existing road across the property could serve as an easement. Appellants testified further that they had no objection to granting easements across their property so that the others would have access. Finally, even Annie Mae testified that it was her desire to retain her mobile home with one or two acres and sell the rest of her share. However, the final order does not provide for any such reservation.
Suits in partition are governed by Chapter 64, Florida Statutes, and derive from equity jurisdiction. Unless a properly foundationed determination is made that property cannot be partitioned in kind without prejudice, an order of sale may not be entered. § 64.061(4), supra; Hosle v. Maasbrook, 120 So.2d 794 (Fla. 3d DCA 1960). In this case, the trial court, sitting as chancellor, did find that the property could not be so partitioned. However, as indicated by the recitations above, the evidence does not support the finding. We do not overlook the broad discretion of the trial court in such matters, nor do we hold that a commission’s report is conclusive. We determine only that in this case the objections to the report were not well founded,[9] and the court therefore erred in ordering the property sold.
Reversed.
SHIVERS and JOANOS, JJ., concur.

. Defaults were entered against Ralph and five of Willie’s children.

. § 64.061(2), Florida Statutes.

. The appraised value of the undivided 200 acres was less than the sum of the appraised values of the parcels.

. Alvin, Mattie, and Louise derived their livelihood primarily from Alvin’s work on the farm. *389 All are elderly, with health problems, and untrained in other fields of employment.

. § 64.061(3), Florida Statutes.

. The pertinent part of the order provides:
3. The property is indivisible and none of it is subject to partition without prejudice to the owners.
4. The Clerk of the Court is directed to sell the premises on the 25 day of June, 1982, at 11:00 o’clock.
A stay was entered pending the outcome of this appeal.

. 64.061 ...

(4) ... On an ... allegation ... that the property sought to be partitioned is indivisible and is not subject to partition without prejudice to the owners ... if ... the court is satisfied that the allegation is correct, ... the court may ... make sale of the property

. Ms. Ward’s entire testimony is reproduced here:
Q. ... [D]o you own one forty-ninth interest in this total estate?
A. Yes.
Q. Through your mother, Willie C. Ward. Have you been shown the proposed division of the property?
A. Well, yes, sir.
Q. How do you feel about the fact of the forty-six acres and so forth in there that you would be given and your six brothers and sisters would own together?
A. Well, I really don’t see how we are going to be able to farm it or nothing.
Q. Do you want the property sold and be given your one seventh interest in it?
A. Yes.
CROSS EXAMINATION BY MS. DAVIS:
Q. Okay, have you tried to farm the property in the past?
A. No.
Q. Okay, why is it you don’t see how you can farm it or anything?
A. Well, you can’t hardly get to it.
Q. What do you mean you can’t hardly get to it?
A. By the road, you have to get a road to go to it.
Q. When was the last time you were on that property?
A. It’s been quite a while. I go back there fishing and everything to the creek.
Q. You were able to get to the creek which is way up to the north end of the property and you were able to travel the road to get there, is that right?
A. Yes.
Q. And do you remember seeing a road go through the middle of the property?
A. Um hum. (Indicating in the affirmative)
Q. There is a road you could get to that property, is that correct?
A. Well, what do you mean by that?
Q. Isn’t there a road, you saw the aerial photo we had and the transparency of the property. You saw there was a road you could get to the forty-six acres, didn’t you? A. Yes.
Q. So, you didn’t really mean there is no way to get to the property, did you?
A. But I’m talking about how if I wanted to rent it out to anybody.
Q. You plan to rent it?
A. If I could.
Q. Are you aware that Robert, Alvin, Mattie and Louise have been living on that property for quite a while?
*390 A. Yes.
Q. Are you aware that they would like to continue to live on that property?
A. Yes.
Q. And that they have been farming the property unlike you?
A. Yeah.
Q. And yet you would like to have the property sold from under them?
A. Well, in order to just to have mine sold.
Q. How much money do you think you would get from that property?
A. I don’t know.
Q. You don’t even know?
A. No.
Q. No further questions.

. See § 64.071, Florida Statutes.