516 So.2d 1008 (1987)
Renee BUCKLEY, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, District I, Escambia County Afdc and Medically Needy Unit, Appellee.
No. BS-58.
District Court of Appeal of Florida, First District.
November 24, 1987.
Rehearing Denied January 19, 1988.
*1009 Warren R. Ross, Northwest Florida Legal Services, Inc., Pensacola, for appellant.
Rodney M. Johnson, Dept. of Health and Rehabilitative Services, Pensacola, for appellee.
ZEHMER, Judge.
Renee Buckley appeals a final order issued by the Department of Health and Rehabilitative Services which determined that she is ineligible for aid-to-families-with-dependent-children benefits and medical-needy-program services. Benefits were denied because appellant and another person, John Powell, are shown on the deed to certain real estate as joint owners, i.e., tenants in common. The value of their net equity in the property, after deducting outstanding indebtedness, is $9,097. HRS concluded that appellant held a one-half interest in the property, having a value of $4,548. Further finding there were no legal restrictions limiting petitioner's access to this property for purposes of support, HRS concluded that the value of appellant's equity exceeded the permissible asset limit, thus defeating her eligibility for benefits.
Appellant first argues that the court erred in finding that her interest in the property was an available asset within the meaning of 45 C.F.R. § 233.20(a) because the property in question was purchased by John Powell entirely with funds received by him in settlement of a personal injury claim and that her name was placed on the deed solely for the purpose of insuring that her son by Powell would receive the property upon Powell's death. Appellant argues, therefore, that she did not hold interest in this property free of legal restrictions, but, rather, held only a limited interest that was not readily accessible within the meaning of the applicable federal and state laws. She argues limitations on her interest on three alternative theories: A resulting trust theory, a guardianship theory, and an oral agreement not to partition. The final order did not err in rejecting these theories as "legal restrictions" within the meaning of rule 10C-1.099(5), Florida Administrative Code. The property deed shows on its face that appellant is a tenant in common with Powell and contains no recitation of legal restriction on her ability to alienate her interest in the property. As a tenant in common, she has the right to seek partition to liquidate her interest. Condrey v. Condrey, 92 So.2d 423 (Fla. 1957). This administrative hearing before HRS is not the appropriate forum in which to establish legal restrictions on appellant's power of alienation based on oral testimony of agreements and intent to accomplish a purpose other than that reflected on the face of the deed. Whether or not appellant's interest is alienable should be established in a suit for partition of the property or an action for declaratory judgment under chapter 86, Florida Statutes. A court of competent jurisdiction is the more appropriate forum for establishing that appellant's interest in the property is subject to restrictions on alienation because taken pursuant to a resulting trust, guardianship, or agreement not to partition, as argued by appellant to HRS.
Appellant also seeks to overturn the appealed order on the ground that she was not fully informed of eligibility requirements because HRS failed to provide her, in either written or oral form, relevant information about coverage, conditions of eligibility, scope of program, available related services, and the rights and responsibilities *1010 of the applicant, as required by 45 C.F.R. § 206.10(a)(2)(i). Specifically, appellant argues that she was not informed of the provisions in 45 C.F.R. § 233.20(a)(3)(i) authorizing the exclusion of her interest in the real estate from the asset determination for a period of six months if she made a good faith effort to sell her interest therein. That rule authorizes the payment of benefits during that six months period, provided the family "sign an agreement to dispose of the property and to repay the amount of aid received during such period that would not have been paid had the property been sold at the beginning of such period," but not exceeding the net proceeds of such sale, if consummated. Had appellant been provided this information, she could have executed such an agreement and immediately sought partition of the property or a declaration concerning any legal restrictions on her ability to alienate her interest, during which time she would have been eligible to receive benefits.
The provisions of section 206.10(a)(2)(i) require that applicants shall be fully informed of eligibility requirements so they may change their circumstances sufficiently to comply with such requirements. Pond v. Department of Health & Rehabilitative Services, 503 So.2d 1330 (Fla. 1st DCA 1987). We hold that appellant should have been informed of the right to have her real estate property interest excluded for a six-month period while she undertook to dispose of her interest or seek a declaration that such interest was subject to legal restriction. Although HRS contends that appellant was not informed of these rights because its case worker dealing with appellant was not aware that the six-month grace period was an available option, we conclude that the duty to inform in section 206.10(a)(2)(i) is not fulfilled and its performance is not excused because the case worker did not have sufficient knowledge of the rights available to the applicant pursuant to the statute and rules.
Because appellant has been erroneously deprived of benefits as the result of HRS's failure to comply with rule 206.10(a)(2)(i), the order denying benefits is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHIVERS, J., concurs.
PEARSON, TILLMAN (Ret'd), Associate Judge, dissents with written opinion.
PEARSON, TILLMAN (Ret.), Associate Judge, dissenting.
The majority has reversed the order on appeal because "the appellant should have been informed of the right to have her real estate property interest excluded for a six-month period while she undertook to dispose of her interest... ." I disagree with the decision, and would hold that legal proceedings to make an applicant eligible for benefits are not within the purview of 45 CFR § 206.10(a)(2)(i) which provides:
Applicants shall be informed about the eligibility requirements and their rights and obligations under the program.
See Pond v. Dept. of Health & Rehabilitative Services, 503 So.2d 1330 (Fla. 1st DCA 1987), where the Federal Regulation at issue is more fully quoted and discussed.
Furthermore, I do not think that the Pond decision is a proper basis for the rule advanced by the majority that an applicant must be "fully informed ... about coverage, conditions of eligibility, scope of program, available related services, and the rights and responsibilities of the applicant... ." Rather, I would follow the admonition in the Pond opinion that: "By this holding we are not directing the Department to create eligibility... ." Id. at 1333.
I would affirm the order appealed.