929 So.2d 22 (2006)
Jonathan ROSE, Appellant,
v.
Elizabeth R. HANSELL, Appellee.
No. 3D05-1015.
District Court of Appeal of Florida, Third District.
February 22, 2006.
Jonathan Rose, in proper person.
Behar, Gutt & Glazer and Lee A. Watson and Ryan D. Gesten, Jacksonville, for appellee.
Before LEVY, RAMIREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Jonathan Rose appeals a Final Summary Judgment on Plaintiff's Complaint for Partition of Real Property. The plaintiff, Elizabeth R. Hansell, and the defendant, Mr. Rose, are a brother and sister who became joint tenants of a condominium after the death of their mother. Ms. Hansell filed a complaint for partition of the property, and ultimately filed a motion for summary judgment on the partition complaint, requesting that the court order a sale of the property. The trial court granted the summary judgment, and appointed *23 a special master to sell the property. Mr. Rose appeals. We affirm.
The general rule is that partition is a matter of right, but there are rare exceptions. Condrey v. Condrey, 92 So.2d 423, 426 (Fla.1957). In Condrey, an elderly couple conveyed their property, creating a tenancy in common between themselves and their son and daughter-in-law, because the son and daughter-in-law were living with them, contributing to their living expenses, and had invested money in the property. 92 So.2d at 425. The conveyance was made in order to protect the parents and the son and his wife, and the lower court found that there was an agreement not to partition the land during the life of any of the co-tenants. Id. at 426-27. Later, due to "family differences," the son and his wife moved out and filed a suit to partition the property. Id. at 424-25. The trial court denied the petition for partition. Id. at 425. The Florida Supreme Court affirmed, finding that equity would not be done by ordering the partition. Id. at 427. The Florida Supreme Court noted that the parents were "elderly citizens, neither completely whole in physical health nor able to support themselves," and found that it was not conceivable that they intended, by conveying their property into a joint-tenancy, to put themselves in a position to be forced from their home or to surrender the right to live there. Id. Therefore, the Florida Supreme Court concluded that the lower court had the discretion to refuse to grant partition, but noted that courts should exercise such discretion only in extreme cases or where manifest injustice, fraud or oppression will result if partition is granted. Id.
In the instant case, Mr. Rose argues that manifest injustice or oppression would result if the partition is allowed to stand without modification of the time, manner and conditions of partition. In an affidavit filed below in response to the motion for summary judgment, he explained that he has "congestive heart failure and diabetes with some kidney involvement," and that he "would like to be able to live out [his] days overlooking [his] mother's ocean." He also explained that, by working on two lawsuits, he helped his mother acquire money for "support in her old age," that he initially negotiated the sale of the condo for his mother, that he was with his mother for half of the last year that she lived, and that he helped with her medical problems.
Although this evidence portrays Mr. Rose in a sympathetic light, it does not support a finding that granting partition would result in a manifest injustice such as existed in Condrey. Unlike Condrey, this case does not involve parties opposing partition who were the original owners of the property before conveying it into a tenancy in common with the party seeking partition. Therefore, the Florida Supreme Court's reasoning, that the defendants in Condrey could not have intended to put themselves in a position to be forced from their home, does not apply here. Also, unlike Condrey, there is no evidence in the record provided of an agreement between Mr. Rose and his sister not to partition the land, and there is no evidence that Mr. Rose is unable to support himself. With no evidence supporting that partition would result in a manifest injustice, the trial court was correct in granting the summary judgment for partition.
When a court grants a partition, it may order a sale only when it finds that the property sought to be partitioned is indivisible and is not subject to partition without prejudice to its owners. § 64.061(4), Fla. Stat (2005); Thompson v. Mitchell, 429 So.2d 388 (Fla. 1st DCA 1983); Carlsen v. Carlsen, 346 So.2d 132, 133 (Fla. 2d DCA 1977). In the instant case, the trial *24 court made such a finding. On appeal, Mr. Rose argues that the trial court could have partitioned the property. The record that he provided, however, contains no evidence that the condominium was partitionable, or that the condominium board would have authorized the partitioning of the condo. As the appellant, Mr. Rose was required to provide an adequate record to support his appeal, and it is his burden to demonstrate error. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1980); Chisholm v. Chisholm, 538 So.2d 961 (Fla. 3d DCA 1989). As he has not met his burden of demonstrating, by facts in the record, that the trial court erred in finding that the condominium was not partitionable and in appointing a special master to sell the property, we affirm the trial courts order.
Affirmed.