PER CURIAM.
Appellants appeal a final judgment ordering the sale of real property, asserting that the lower court erred by not ordering the property’s partition, as the parties requested. Because the statutory prerequisites for the lower court’s action were not satisfied, we reverse. -

Background Facts

In 2007, Appellants John Crusaw and Bertha Loper, two of the twelve children and heirs of Annie E. Crusaw, sued Appel-lees Henry Crusaw and O.C. Crusaw and other heirs, requesting that 160 acres of land the deceased held via a life estate be partitioned and an accounting of rent and profits since the death of Annie 1. Crusaw be made. ■ In February 2009, the court entered a stipulated final judgment adjudging that the siblings (or their estates, as, necessary) were co-tenants under a deed from their mother with their respective interests being equal. The court also adjudged that the property was divisible. The court appointed commissioners- to “make partition-of the property,” and instructed, them to make a “report with a proposed division of the property” and set a timeline for subsequent, actions to be taken by the parties. Additionally, the court ordered Appellees Henry and O.C. Crusaw to “account to [Appellants] for all profits, reasonable rents, and any other benefits received by them since October 14,2001 ...[1]
In July 2010, the parties entered a stipulation providing, inter - alia, that “this case should be resolved by the partition of ... 240 acres [not' just the 160 acres which is the subject of the stipulated Final Judgment previously rendered] and the profits and rents and allocation of expenses, attorney fees and taxes equally — ” Appellants subsequently amended their complaint in October 2011 to include the additional 80 acres of contiguous land which was not included in the original action.
In July 2013, the court entered an order, finding that “[t]he additional 80 acres, which is part of the amended partition complaint by previous court order is parti-tionable and contiguous to 160 aeres which was determined to be partitionable by Stipulated Final Judgment on February 10, 2009.” The court also accepted the parties’ respective attorneys’ suggestion that each side present a proposal as to how the land should be divided. The court set the matter for a final hearing to address the issue of the physical location of each heir’s share, of the land, and .informed the parties that it would reserve jurisdiction *509 for a hearing to determine any offsets in acreage for claims related to each heir’s share of litigation expenses as well as profits, ad valorem taxes, and improvements.
Appellants submitted a proposed survey sketch prepared by surveyor Larry Cobb. Appellees did not submit a proposed plan for dividing the property. Appellants’ sketch indicated twelve lots of Í6.8 acres each. It also showed that a county road runs west to east adjacent to some of 'the lots, and a road running south to north adjacent to others, and an ingress-egress easement which runs adjacent to others; The court accepted the sketch into evidence.
In the final judgment under review, the court found:.
According to the property appraiser’s records introduced into evidence, there remains an undivided 198.75 acres as being taxed at assessed value of $2000 per acre .... These acres of property are divisible based upon this court’s order dated July 24, 2013, which held that respondents had admitted same by not responding to petitioners’ request for admissions, . .
The court also “adopted” the “proposed survey of Larry Cobb” prepared pursuant to the court’s prior order “to submit proposed survey sketch dividing the remaining 198.75 acres amongst the 12 children of John Grusaw, Sr. and Annie E. Grusaw showing the entire 240 acres but leaving the deeded acres in- place.” The court then decreed* however, that it was
the court’s decision that this property should be. sold because it is not logis-tieally capable of being fairly partitioned based upon the ■ age of the ease, the value of parcels after attorney fees, costs and taxes are assessed. The court finds that some of the heirs will not receive a reasonable number of acres after adjustments for attorney fees, costs, taxes and profits.
Accordingly, the court ordered the parties to submit to
an agreed upon- private, sale price acceptable to all. Failing such agreed .upon sale price,,the parties shall submit an agreed upon listing price with a real .estate firm.. Failing such agreed upon listing price, then each side shall submit its proposed auction price. Failing the submission by the parties of their proposed listing prices, the parties shall submit a price for which the land should be sold at private “auction.
Appellants moved for a rehearing, arguing that none of, the .parties ,or any of the pro se heirs had moved .for - a sale of the property, and that section 64.061(4),.Flori-da Statutes, requires that a.party must do so before a court can order the property to be sold. .Appellants argued also that the fees and costs still unpaid was between $130,000 and $150,000, and that
[i]f adjustments to each heir’s share of the land is made to compensate those heirs who have paid costs and fees, the result: would be that those heirs who have not paid their- fair share, of costs and fees would probably receive approximately 9 to 10 acres instead of approximately 16.56 acres from the 198.75 acres subject to the sale. Also, Henry Grusaw would have his share further reduced to compensate the other heirs for profits he received from the Tobacco Transition Program and other faming, activities.
Appellants asserted that the property had been in the family since the early 1900s “and because there, is no heir that has requested or wants' the property to be sold, Petitioners request the court reconsider its ruling when it ordered the property to be sold.” After a year expired with no ruling by the trial court, Appellants *510 initiated this appeal on Appellant’s motion for rehearing.[2]

Analysis

Actions for partition are governed by chapter 64, Florida Statutes (2001), and they are based on equitable principles. Thompson v. Mitchell, 429 So.2d 388, 390 (Fla. 1st DCA 1983). Once a judgment for partition is entered, section 64.061 controls the applicable procedure.
Schroeder v. Lawhon, 922 So.2d 285, 292 (Fla. 2d DCA 2006).
Section 64.061, Florida Statutes, explains the procedure for appointing commissioners responsible for partitioning property that is the subject of a judgment of partition, 'as well as the commissioners’ powers and responsibilities, which includes Submitting to the court a report on its conclusions “without delay.” The statute further provides:
(3) ... Any party may file objections to the report of the commissioners .... If no objections are filed or if the court is satisfied' on hearing any such objections that they are not well-founded, the report shall be confirmed, and a final judgment entered vesting in the parties the title to the parcels of the lands allotted to them -respectively, and giving each of them the possession of and quieting title to their respective shares as against the other parties to the action or those claiming through or under them.”
(4) ... On an uncontested allegation in a pleading that the property sought’ to be partitioned is indivisible and is not subject to partition without prejudice to the owners of it or if a judgment of partition is entered and the court is satisfied that the allegation is correct, on motion of any party and notice to the others the court may appoint a special magistrate or the clerk to make sale of the property either at private sale or as provided by s. 64.071.
Here, the trial court entered a stipulated final judgment finding -that the property is divisible and appointing commissioners to prepare proposals for how to partition the property. The commissioners did so, although, as noted, their proposals were never considered by the court, primarily because they did not address the 80 acres that were later added to the complaint. Notably, however, the court entered an order finding that those acres were also partitionable, and' agreed to let the parties present their respective proposals for how the property should' be divided, and then determined that the “case will be set for final hearing on the issue of the Physical location of each heir’s share and names -of heirs so that each heir’s percentage of the land can be ordered in the partition suit.”
Appellants complied with this instruction and, in its 'final judgment, the court stated that it had adopted Appellant’s proposal without objection. The final judgment also states that the remaining undivided acres were “divisible based upon this court’s order dated July 24, 2013, which held that respondents had admitted same by not responding to petitioners’ request for ad *511 missions.” Furthermore, at no time did any of the affected persons allege that “the property sought to be partitioned- is indivisible and is not subject to partition without prejudice to the owners of it,” as addressed in subsection (4) of the statute. Nor has any party filed a motion asking the court to “appoint a special magistrate or the clerk to make the sale of the property,” again, as provided by subsection (4).
In Thompson, the court explained: “We do not overlook the broad discretion of the trial court in such matters’, nor do we hold that a commission’s report is conclusive. We determine only that in this case the objections to the report were not well founded and the court therefore erred in ordering the property sold.” 429 So.2d at 390 (footnote omitted). Here, there were no objections to the proposed division of the property submitted by Appellants.
As noted, partition actions are governed by Chapter 64. Although they are based on equitable principles, a plain reading of the statute provides that a sale may only be ordered if a party alleges that partition is not possible, “without prejudice to the owners of it or if a judgment of partition is entered and-the court is satisfied that the allegation is correct .....” § 64.061(4), Fla. Stat. “Unless a properly foundationed determination is made that property cannot be partitioned in kind without prejudice,.an order of sale may not be entered.” Thompson, 429 So.2d at 390. Here, the lower court’s determination in the final judgment that the property could not be partitioned was based on the court’s summary conclusion that the property “is not logistically capable of being fairly partitioned based upon the age of the case, the value of parcels after attorney fees, costs and taxes are assessed,” and that “some of the heirs will not receive a reasonable number of acres after adjustments for attorney fees, costs, taxes and profits.”
The court did not provide any of the facts upon which it relied for these findings, and it is not clear how the age of the case had any impact on the ability to partition the property. Furthermore, section 64.061, Florida Statutes, requires an allegation that partition is not possible without prejudice, and the court in Thompson based its reversal of an order of sale on the fact that the objection to the partition at issue was not well-founded, thus underlining the importance of an objection by an affected party, not a sua sponte determination by a court without providing the facts for that determination. Thus, Appellants’ argument is well founded that the statutory prerequisites for ordering the sale of property in a partition action did not exist here. The final judgment is reversed and the matter remanded for partition in accordance with the sketch adopted by the lower court.
REVERSED and REMANDED with instructions.
LEWIS, THOMAS, and ROWE, JJ., concur.

. For reasons unimportant to this appeal, the commissioners' reports were never approved by the court.

. This did not end matters below, however. Because' there was ■ no court reporter at the hearing, Appellants served on Appellees a "Statement of Party” pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), summarizing what occurred during the hearing. Appellees did not object to the Statement. The court then issued an order approving the Statement, but which also made factual and legal findings that contradicted findings in the Judgment of Sale. To the extent the court intended to amend'or modify the judgment, because the judgment was on appeal, and the nature of the changes were not to correct clerical mistakes in the judgment, the court láclced jurisdiction to do so. See Florida Rule of Appellate Procedure 9.600(a). Thus, we consider only the merits of the judgment.