# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2068
Lower Tribunal No. 21-21471
_____

**Mayra Joli, etc.,**
Appellant,

vs.

**Todd B. Hannon, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Mayra Joli, in proper person.

Victoria Méndez, City Attorney, and John A. Greco, Deputy City Attorney, and Christopher A. Green and George K. Wysong, Senior Assistant City Attorneys, for appellee.

Before EMAS, LINDSEY and LOBREE, JJ.

EMAS, J.

Mayra Joli, a putative candidate for the office of Mayor of the City of Miami in the November 2, 2021 election, appeals from the trial court's final judgment determining that she was not a qualified candidate for that office because she did not meet the requirement, set forth in the City of Miami Charter, that candidates must reside in the City of Miami for at least one year prior to qualifying for office. See City of Miami Charter, § 4(b) ("Candidates for mayor shall be residents of the city for at least one (1) year prior to qualifying and shall be electors therein.") See also Miami Code, § 16-6(f) (providing that, under certain enumerated circumstances, the City of Miami Clerk is "authorized and directed to file and prosecute an appropriate action in the circuit court for Dade County, in the name of the city clerk, solely for the purpose of receiving a judicial determination with regard to the qualifications of the candidate. . . .")

On appeal, Joli does not contend that the final judgment is unsupported by competent substantial evidence.[1] Instead, she asserts that Todd

---

[1] Indeed, our independent review of the record, including the transcript of the expedited evidentiary hearing held by the trial court, establishes that the trial court's determination was amply supported by competent, substantial evidence. See Underwater Eng'g Servs., Inc. v. Util. Bd. of City of Key West, 194 So. 3d 437, 444 (Fla. 3d DCA 2016) (providing: "In reviewing a judgment rendered after a bench trial, 'the trial court's findings of fact come to the appellate court with a presumption of correctness and will not be disturbed unless they are clearly erroneous.' Emaminejad v. Ocwen Loan Serv'g, LLC,

Hannon, Clerk of the City of Miami, lacked standing to commence the action in circuit court seeking a judicial determination of whether Joli was a qualified candidate. However, and as the City of Miami correctly points out, Joli did not raise this issue at any point during the proceedings below. In fact, Joli announced in open court she had no objection to a judicial determination of whether she met the requisite qualifications to run as a candidate for the office of Mayor of the City of Miami. Because appellant failed to raise any objection to the City Clerk's standing, she is precluded from raising this claim for the first time on appeal. See Krivanek v. Take Back Tampa Political Comm., 625 So. 2d 840, 842 (Fla. 1993) (holding that appellant "waived the right to raise the issue of standing because this issue has been raised for the first time in her petition to this Court. The issue of standing should have been raised as an affirmative defense before the trial court, and Krivanek's failure to do so constitutes a waiver of that defense, precluding her from raising that issue now"); Republic of Ecuador v. Dassum, 255 So. 3d 390, 392 (Fla. 3d

156 So. 3d 534, 535 (Fla. 3d DCA 2015). Thus, they are reviewed for competent, substantial evidence.")

We further note that, notwithstanding the burden placed upon appellant to prepare and transmit an adequate record to ensure meaningful appellate review, see Fla. R. App. P. 9.200(e); Rose v. Hansell, 929 So. 2d 22 (Fla. 3d DCA 2006), Joli failed to provide any record on appeal. The City's answer brief, however, was accompanied by an appendix of nearly 800 pages, including a transcript of the evidentiary hearing.

3

DCA 2017) (noting it is "well-established that standing is an affirmative defense that must be raised by the defendant to avoid waiver.")  See also Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) (holding: "In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved" (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985)); Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638 (Fla. 1999)(a claim not raised in the trial court will not be considered on appeal); Dober v. Worrell, 401 So. 2d 1322 (Fla. 1981) (appellate court will not consider issues not presented to the trial judge on appeal from final judgment on the merits).

Affirmed.